### MAUD Q. NIXON ET AL. v. CORA MALONE ET AL.

No. 1626.    Decided December 18, 1906.

### MAUD Q. NIXON ET AL v. NEW YORK LIFE INSURANCE COMPANY.

No. 1627.    Decided December 18, 1906.

1.—Motion for Rehearing.

The filing a motion for rehearing in the Court of Civil Appeals is not essential to enable the Supreme Court to obtain jurisdiction; and the rule requiring assignments of error in the Supreme Court to be confined to points of law presented in a motion for rehearing is complied with where the action complained of was the consolidation of several appeals relating to the same subject matter, and was taken on motion for rehearing in the Court of Civil Appeals filed by the party appearing as defendant in error in the Supreme Court. (Pp. 261, 262.)

**2.—Venue—Plea of Privilege—Survival of Action.**

The heirs and personal representatives, against whom an action for injuries resulting in death survived on the death of the wrongdoer after suit brought against him, could be made parties to the pending action, and could not demand that they be sued in another county where they resided. (P. 262.)

**3.—Interpleader—Stakeholder—Life Insurance.**

The equitable right of one in the position of a mere stakeholder (as in case of a life insurance company admitting liability on its policy, the proceeds of which are sought to be reached by litigants asserting claims against the deceased) to require conflicting rights to be settled by interpleader of those asserting them, though available only in case of real doubt or hazard on his part, should be resolved in his favor in case of any reasonable doubt. (Pp. 262, 263.)

**4.—Same—Change of Policy.**

A life insurance company which has permitted the insured, under a right given him by the terms of his policy, to make a change in the beneficiary therein, does not thereby incur any such independent liability to claimants against the estate or personal representatives of insured, who alleged fraud on their rights in making such change, as will deprive it of the rig t to require the conflicting claims on the fund to be settled by interpleader. (Pp. 263, 264.)

**5.—Stakeholder—Attorneys' Fees.**

One occupying the position of a mere stakeholder of a fund claimed by conflicting litigants is entitled to costs and reasonable attorneys' fees for securing his protection in such litgation, which he should be permitted to deduct from the stake held by him in paying it into court. (P. 264.)

**6.—Appeal—Separate Transcript—Costs.**

Where a party to a judgment, which is appealed from by another party thereto, prosecutes appeal or writ of error separately, and takes out a separate transcript, the proceedings should be consolidated in the Appellate Court, and he be taxed with the costs of his transcript. (P. 264.)

**7.—Interpleader—Separate Suit.**

It is unnecessary for the defendant, who has sought by his answer to compel adverse claimants against a fund held by him to interplead, to institute also against them an independent action to enforce such interpleader; the two cases coming up on appeal should be consolidated, and he be taxed with the costs so unnecessarily incurred. (P. 265.)

Error to the Court of Civil Appeals for the Third District in an appeal and on writ of error from Caldwell County.

The action was commenced by Cora Malone against S. M. Nixon, and on defendant's death continued against his executrix Maud Q. Nixon and his heirs. The action was for damages for killing Robert W. Malone, the husband of Cora Malone. Plaintiffs had judgment and defendant appealed. Various other persons and insurance companies had become parties to the proceedings and also prosecuted appeals or writs of error and these proceedings were finally consolidated in the Appellate Court. In the same connection was determined the appeal in an independent collateral action by one of the insurance companies to compel interpleader. For a full understanding of the relations of the various parties throughout the litigation it will be necessary to refer to the opinion.

Chief Justice Gaines and Associate Justice Brown being disqualified, James G. Dudley, Esq., commissioned as Special Chief Justice, and E.

T. Moore, Esq., as Special Associate Justice, with Mr. Justice Williams, composed the court.

*A. B. Storey, Bethel Coopwood* and *Terrell, Hopkins & Terrell,* for Maud Q. Nixon and S. M. Nixon, Jr.

*Paul J. Greenwood* and *James H. Robertson,* for Mrs. Cora Malone et al.—The District Court erred in overruling the demurrer and exceptions of these appellees to the plea of privilege and to the jurisdiction. Eckford v. Knox, 67 Texas, 205; Moore v. Moore, 89 Texas, 34; Chambers v. Cannon, 62 Texas, 293; Carter v. Wallace, 2 Texas, 209; Rose's Notes, Book 1, notes, 71; Milam v. Hill, 69 S. W. Rep., 447; Dittman v. Iselt, 52 S. W. Rep., 96; Sayles' Statutes, art. 1194, subd. 4 and 9; Smith v. McGaughey, 13 Texas, 467; Rose's Notes, Book 1, notes, 575; Johnson v. Stratton, 6 Texas Civ. App., 434; Houghton v. Rice, 15 Texas Civ. App., 561; Kendall v. Hackworth, 66 Texas, 499.

Maud Q. Nixon and S. M. Nixon, Jr., were proper and necessary parties to this suit, and the venue of the suit being fixed in Caldwell County they could, notwithstanding their residences in Gonzales County at the time they were made parties, be joined as defendants herein. Johnson v. Stratton, 6 Texas Civ. App., 434-435; Whiting v. Briscoe, Dallam, 540, 541; McCormick v. Blum, 22 S. W. Rep., 1054; Milam v. Hill, 69 S. W. Rep., 447; Rose's Notes, Book 5, notes, 1060; Rose's Notes, Book 1, notes, 10; Cameron v. Hinton, 49 S. W. Rep., 1047; Chambers v. Cannon, 62 Texas, 294; Rose's Notes, Book 3, page 348.

The court having rightfully acquired jurisdiction of the original party had jurisdiction of Maud Q. Nixon and S. M. Nixon, and they were necessary parties with the executor of his estate to determine whether or not the conveyance of the land and the assignment of the policies of insurance were made to hinder, delay and defraud the plaintiffs in the collection of their debt, and their residence in another county would not defeat jurisdiction; and the court erred in sustaining their plea of privilege and dismissing them from the suit. State v. Rhomberg, 69 Texas, 212; Wadsworth v. Caldwell, 37 S. W. Rep., 368; Kendall v. Hackworth, 66 Texas, 499; Schneider v. Sellers, 61 S. W. Rep., 541, 2 Texas Ct. Rep., 192.

*S. R. Fisher (James H. McIntosh,* of Counsel) for New York Life Insurance Company.—When there are two cases pending in one court which grow very largely out of the same transactions and involve substantially the same facts as to their main issues, and it is apparent that the just protection of all of the parties can only be accomplished by consolidating such causes, this should be done, even though it may involve some inconvenience to some of the other parties—substantial justice being more to be regarded than convenience of all parties.

This suit having been brought against S. M. Nixon during his life in the county of his residence, venue was properly fixed in that county, and events occuring subsequently which made it proper to join new parties in order to carry the litigation to a proper conclusion, such parties could be brought into this case with its venue as previously fixed. Eckford v. Knox, 67 Texas, 205; Moore v. Moore, 89 Texas, 34; Chambers

v. Cannon, 62 Texas, 293; Carter v. Wallace, 2 Texas, 209; Rose's Notes, Book 1, notes, 71; Milam v. Hill, 69 S. W. Rep., 447; Dittman v. Iselt, 52 S. W. Rep., 96; Sayles' Stat., art. 1194, subd. 4 and 9; Smith v. McGaughey, 13 Texas, 467; Rose's Notes, Book 1, notes, 575; Johnson v. Stratton, 6 Texas Civ. App., 434; Houghton v. Rice, 15 Texas Civ. App., 561; Kendall v. Hackworth, 66 Texas, 499.

This company had the legal right to protection against a threatened and impending liability to three separate judgments against it for the same fund of which it was the innocent stakeholder.

*Jas. D. Crenshaw (Julian T. Davis,* of counsel) for Mutual Life Insurance Company of New York.—If the plea of privilege shows that the suit is based upon a crime, offense or trespass, for which a civil action may lie, committed in the county where the suit is filed, a general demurrer to such plea should be sustained. Rev. Stat., art. 1194, sec. 9; American Nat. Bank of Austin v. First Nat. Bank of San Marcos, 14 Texas Civ. App., 569.

A bill of interpleader is good if it contains the following allegations: That plaintiff has funds in his possession or under his control which he is ready, able and willing to pay into court, or to whomsoever the court may adjudge; that his fund is claimed by different parties, giving the nature and character of such claims; that plaintiff claims no interest in said funds; that plaintiff is indifferent as to whom the same shall be paid; that there is no collusion between plaintiff and the claimants; that plaintiff is not liable to all of said claimants; that plaintiff has not incurred an independent liability to any of the claimants; and that there is a reasonable doubt as to which of them is entitled to said funds. Williams v. Wright, 20 Texas, 499; Foy v. East Dallas Bank, 28 S. W. Rep., 137; Bolin v. St. Louis S. W. R., 61 S. W. Rep., 444; Stevens v. Germania Life Ins. Co., 62 S. W. Rep., 824; Philadelphia Underwriters v. Ft. Worth & D. C. R. R., 71 S. W. Rep., 419; Legion of Honor v. Palmer, 80 S. W. Rep., 699; Woodman of the World v. Wood, 75 S. W. Rep., 377; Sangunitto v. Goldey, 84 N. Y. Supp., 989; Groves v. Sentell, 153 U. S., 465; Crass v. Memphis & C. Ry., 96 Ala., 447; Crane v. McDonald, 118 N. Y., 648; Lozier v. Van Suan, 3 N. J. Eq., 329; Horton v. Baptist Church, 34 Vt., 305; Greene v. Mumford, 4 R. I., 313; Foss v. Denver First Nat. Bank, 3 Fed. Rep., 185.

If the pleadings show such uncertainty, either of fact or of law, or both, as to raise a reasonable doubt as to whom the fund is due, an interpleader is proper. Woodman of the World v. Woods, 75 S. W. Rep., 377; Parker v. Barker, 42 N. H., 78; Baltimore R. Co. v. Arthur, 90 N. Y., 234; Crass v. Memphis R. Co., 96 Ala., 447; National Bank v. Augusta Cotton Co., 99 Ga., 286; Koppinger v. O'Donald, 16 R. I., 417.

*Locke & Locke,* for Mutual Benefit Life Insurance Company.—It was not necessary for the company to file an independent bill of interpleader in order to obtain the benefit of this remedy. Interpleader by answer is the more usual course in Texas. Williams v. Wright, 20 Texas, 499; Byrne v. Casey, 70 Texas, 247; Bolin v. St. Louis S. W. Ry. Co., 61 S. W. Rep., 444; Stevens v. Germania Life Ins. Co., 62 S. W. Rep., 824; Hatch v. Hatch, 80 S. W. Rep., 411; Dobbin v. Wybrants, 3 Texas, 457;

Westmoreland v. Miller, 8 Texas, 168; Iglehart v. Moore, 21 Texas, 501; Mo. Pac. Ry. Co. v. Whipsker, 77 Texas, 14; Simpson v. Grinnan, 2 Posey, 136; Foy v. East Dallas Bank, 28 S. W. Rep., 137; Lord v. New York Life Ins. Co., 65 S. W. Rep., 699.

Among the numerous authorities holding that a stakeholder is entitled to an allowance of his costs and counsel fees out of the fund in his possession, secured by a lien upon such fund, are the following: Maclennan on Interpleader, 286; Bolin v. St. Louis S. W. Ry. Co., 61 S. W. Rep., 444, writ of error refused, 94 Texas, 699; Stevens v. Germania Life Ins. Co., 62 S. W. Rep., 824, writ of error refused, 94 Texas, 707; Lord v. New York Life Ins. Co., 65 S. W. Rep., 699; Hatch v. Hatch, 80 S. W. Rep., 411; Great Council Imp. Ord. Red Men v. Adams, 75 S. W. Rep., 560; Nixon v. Malone, 95 S. W. Rep., 577; Groves v. Sentell, 153 U. S., 465; McNamara v. Provident Sav. Life Assur. Soc., 114 Fed., 910; Daniel v. Fain, 5 Lea (Tenn.), 258; Roselle v. Farmers' Bank, 119 Mo., 84; Dunlap v. Hubbard, 19 Vesey, 205; Davis v. Fidelity Fire Ins. Co., 208 Ill., 375, 70 N. E., 359; Northwestern Mut. Life Ins. Co. v. Collamore, 100 Me., 578, 62 Atl., 652; Sov. Camp W. O. W. v. Wood, 100 Mo. App., 655; Supreme Council L. & H. v. Palmer, 107 Mo. App., 157.

It has been for a century or more the settled practice to permit the interpleading stakeholder to deduct his allowances from the fund in his hands before paying it into court, or to pay them to him before distributing the fund, or if neither of these courses be practicable, to charge the fund with a first lien in his behalf for their amount. The successful claimant, whose fund has been depleted by the allowances to the interpleading stakeholder, then recovers from the unsuccessful claimant indemnity for such depletion. Maclennan on Interpleader, 288; Hatch v. Hatch, 80 S. W. Rep., 411; Nixon v. Malone, 95 S. W. Rep., 577; Lord v. New York Life Ins. Co., 65 S. W. Rep., 699; Hendry v. Key, 1 Dickens, 291; Aldridge v. Thompson, 2 Brown's Ch. Cas., 149; Hodges v. Smith, 1 Cox, 357; Aldridge v. Mesner, 6 Vesey, 418; Cowtan v. Williams, 9 Vesey, 107; Richards v. Salter, 6 Johnson's Ch., 445; Canfield v. Morgan, Hopkins' Ch., 224; Roselle v. Farmers' Bank, 119 Mo., 84; Northwestern Mut. Life Ins. Co. v. Collamore, 100 Me., 578, 62 Atl., 652; Supreme Council L. of H. v. Palmer, 107 Mo. App., 157; Sov. Camp W. O. W. v. Wood, 114 Mo. App., 471.

We do not think, however, that the insurance company has bound itself thus to Mrs. Nixon and the child. The following are a few of the many cases holding that the right of interpleader is not destroyed by such a transaction: Platte Valley State Bank v. National Live Stock Bank, 155 Ill., 250, 40 N. E., 621; Continental Sav. Bank v. McClure, 104 Tenn., 607, 58 S. W. Rep., 240; Dickinson v. Griggsville Nat. Bank, 209 Ill., 350, 70 N. E., 593; Sov. Camp W. O. W. v. Wood, 100 Mo. App., 655, 75 S. W. Rep., 377; City of Montpelier v. Capital Sav. Bank, 75 Vt., 433, 56 Atl. 89; Moore v. Barnheisel, 45 Mich., 500, 8 N. W., 531; Wayne Co. Sav. Bank v. Airey, 95 Mich., 520, 55 N. W., 355; Cullen v. Dawson, 24 Minn., 66; Sup. Commandery United Order of the Golden Cross v. Merrick, 163 Mass., 374, 40 N. E., 183; Foy v. East Dallas Bank, 28 S. W. Rep., 137.

DUDLEY, CHIEF JUSTICE.—The case as consolidated and the independent case will be disposed of together.

The original suit was begun by petition filed May 13, 1904, against S. M. Nixon, by Cora Malone, Robert Malone, Corinne Malone, Bessie Malone, Willo Barbee and E. N. Barbee, who were the widow, children and parents of Robert W. Malone, deceased. The suit was brought to recover $50,000 damages for the alleged wrongful killing of Robert W. Malone by S. M. Nixon. Nixon appeared, and by way of answer justified the killing upon the ground of selfdefense. Nixon died on or about April 4, 1905, before the trial of the case. On April 17, 1905, the plaintiffs in said suit having suggested the death of Nixon, filed their second amended original petition, wherein they joined as defendants Maud Q. Nixon and S. M. Nixon, Jr., the widow and child of S. M. Nixon, respectively, and three life insurance companies, to wit: The New York Life Insurance Company, The Mutual Benefit Life Insurance Company and the Mutual Life Insurance Company of New York. In this amended petition, aside from setting up the facts upon which the claim for damages was predicated, the plaintiffs stated their cause of action against the insurance company substantially as they did afterwards in their fourth amended original petition, upon which the case was tried. The insurance companies were each duly cited to appear and answer this amended petition of April 17, 1905.

On September 7, 1905, the plaintiffs filed a third amended original petition in substance the same as the second, save that it set up the probating of the will of S. M. Nixon and the qualification of Maud Q. Nixon as executrix thereof, and made her a party to the suit in her representative capacity. Citation was served under this petition also.

On the eve of trial the plaintiffs filed a fourth amended original petition, which, so far as it related to the issues now involved did not differ materially from its predecessor. The plaintiffs alleged that Nixon had been served with citation in the suit on May 13, 1904, and that on May 24, 1904, with intent to hinder and defraud the plaintiffs in the matter of the collection of their damages, he voluntarily conveyed to Maud Q. Nixon two tracts of land in Gonzales County, Texas, containing about 1,080 acres. They further alleged that long before his killing of Robert W. Malone, Nixon procured three policies of insurance upon his life in the sum of $10,000 each, in favor of his estate issued by the insurance companies defendants respectively. As to these policies they alleged that all the premiums thereon were paid by Nixon out of his own property, and that at the time of his killing of Robert W. Malone the policies were held by, and were payable to, his estate, and that the money to become due thereon in case of his death was subject to be paid upon the plaintiff's demand. They alleged further that after the filing of this suit, Nixon and each of the said insurance companies and Maud Q. Nixon entered into a fraudulent scheme and agreement for the purpose of hindering and delaying the plaintiffs in the collection of their damages, and that in pursuance thereof they fraudulently changed the policies of insurance so that they should purport to be payable to Maud Q. Nixon and S. M. Nixon, Jr., instead of to the estate of S. M. Nixon.

The prayer was that the plaintiffs have judgment for their damages,

and that the conveyance of the land and the assignments of, or changes of beneficiaries of, the policies of insurance be annulled, and the land be subjected to the payment of their judgment, and each of the insurance companies be required to pay into the registry of the District Court of Caldwell County all money due upon its policy, so that the same might be applied to the satisfaction of any judgment recovered in the suit.

Each of the said insurance companies filed an answer in this suit. The substance of each answer was as follows: They each admitted the issuance of a policy of $10,000 on the life of Nixon, payable to his executors, administrators or assigns, upon proof of his death, and each admitted that he was dead, and that it was under obligation to pay the sum of $10,000 to whatever person or persons might be entitled to it under the policy. Each alleged that in the policy of insurance it was stipulated that Nixon should be entitled at any time while the same was in force and not assigned, to have the beneficiary thereof changed upon return of the policy to the company with his written request for the appropriate endorsement of it. Each alleged that in pursuance of said provision, on or about July 7, 1904, Nixon returned the policy to the company and requested it to change the beneficiary thereof from himself to Maud Nixon and S. M. Nixon, Jr., his wife and son respectively, share and share alike, alternately. Each alleged that in compliance with that request it had under date of July 7, 1904, endorsed upon the policy a clause making it payable to Maud Nixon and S. M. Nixon, Jr., share and share alike, or to the survivor of them, in case either should survive S. M. Nixon, otherwise to said S. M. Nixon, his executors, administrators, or assigns. Each alleged that in making said endorsement they were not colluding with Nixon or participating with him in a fraudulent scheme to hinder and delay the plaintiffs in collecting from the estate of Nixon, in case of his death, the amount that might become due upon the policy, in satisfaction, or part satisfaction, of their claim against him; but that it merely complied with a request made by him in accordance with a provision of the policy entitling him to such compliance, and in doing so it acted without any information or notice of any kind that the plaintiff had, or claimed to have, any rights in connection with the policy, and alleged the filing of the second amended petition in this suit, on April 17, 1905, as above set forth, and alleged also that on April 17, 1905, Minnie Veazey, Vara Veazey, Mary Veazey and Elizabeth Veazey filed their second amended original petition in the case entitled Minnie Veazey et al. v. S. M. Nixon, and numbered 3534 upon the docket of the District Court of Caldwell County; and set out at some length the allegations of said suit which was a suit precisely similar to this one, based upon the fact that in the same affray wherein S. M. Nixon had killed Robert W. Malone, he had killed also John L. Veazey, the husband and father of the plaintiffs in the Veazey suit; and alleged also that at about the same time with the filing of the second amended original petitions making the insurance companies parties to this suit and to the Veazey suit, Maud Q. Nixon and S. M. Nixon, Jr., presented to it proofs of the death of S. M. Nixon, and of their insurable interest in his life, and demanded a payment of the policy to be made to them in accordance with its terms as amended by the change of beneficiaries.

Each alleged that on August 15, 1905, Maud Q. Nixon, suing in her own right and as the next friend and guardian of S. M. Nixon, Jr., instituted in the District Court of Gonzales County an action against it to recover upon said policy. Each alleged that it had not made payment of the amount payable under the policy because of these conflicting claims. Each alleged that it had no interest in any of these controversies, and no knowledge as to the merits thereof; and that it was not acting in collusion with any of the parties, but was able, ready, willing and anxious to pay the amount owing by it upon account of the policy, whenever by making such payment it could discharge the obligations by it in the policy undertaken. Each alleged that by reason of the conflicting claims made upon it, it had been compelled to employ counsel and become responsible to them for the reasonable value of their services. Each prayed that all the parties plaintiff in this suit, all the parties plaintiff in the Veazey suit, and Maud Q. Nixon, as executrix, and as guardian of S. M. Nixon, Jr., and in her individual capacity and S. M. Nixon, Jr., be required to interplead in this suit and determine therein their respective rights upon the fund in the hands of each. Each prayed that Maud Q. Nixon and S. M. Nixon, Jr., be restrained from prosecuting their suit against them in Gonzales County, and that Minnie Veazey and her coplaintiffs be restrained from prosecuting their suits in Caldwell County, against them, until the rights of all the parties should be finally determined in this suit. Each professed its willingness to pay the sum owing upon the policy whenever it could safely do so, and prayed the court to so fix the rights of all the parties by its decree that it might know to whom the money should be paid, and might be protected in making such payment. Each prayed for allowance of its costs and reasonable attorney's fees, and that the same be made a charge upon the fund in its possession, and it be authorized to deduct that amount from said fund in making payment. And each prayed for general relief.

The suit being returnable to October term, Maud Q. Nixon, in her individual capacity, and as the mother, next friend, and guardian of S. M. Nixon, Jr., appeared and pleaded their privilege to be sued in Gonzales County, alleging that that was the county of their residence on and ever since the date of making them parties to the suit. In their plea of privilege they claimed also that a misjoinder of parties and causes of action was involved in the attempt of the plaintiff to recover a judgment for damages against the executrix of S. M. Nixon and in the same suit to set aside the alleged fraudulent conveyances of land and insurance policies, and in the attempt of the insurance companies to interplead all parties to this suit.

Maud Q. Nixon as executrix also appeared and demurred to the pleadings of the plaintiffs and of the insurance companies generally, and upon the ground of misjoinder of parties and causes of action. The court sustained the plea of privilege of Maud Q. Nixon and S. M. Nixon, Jr., and sustained the demurrers of Maud Q. Nixon to the answer to each of the insurance companies and dismissed from the suit all of the parties defendants, except Maud Q. Nixon, executrix, and refused to permit litigation in this suit of any of the issues except the question

whether the plaintiffs are entitled to recover from Maud Q. Nixon, executrix. The case proceeded to trial as a damage suit simply, and resulted in a judgment in favor of the plaintiffs for $5,000.

On the 9th day of September, 1905, the defendant in error, the New York Life Insurance Company, brought an independent action of interpleader in the District Court of Caldwell County, making all of the three sets of claimants parties defendant admitting its liability on the policy and asking to have all the claimants state and assert their respective claims and require them to interplead with each other and let the court adjudicate between it and them and among them to whom it should pay the money which it was anxious to pay over to the original owners. Service was had upon all the parties. October 24, 1905, Mrs. Nixon, in her individual capacity and as executrix of the will of S. M. Nixon, deceased, and as guardian, trustee and next friend of her son, filed a plea of privilege, setting up that the residence of herself and her son was in Gonzales County, and not in Caldwell County, Texas: setting up also the pendency of the three suits mentioned above and asking that this suit be abated. October 31, 1905, the said plaintiff New York Life Insurance Company filed a first supplemental petition, replying to the foregoing plea of privilege by general and special demurrers and general denials, except as to fact of residence of Mrs. Nixon and her son. On the same day, Mrs. Nixon and son, saving their right under the plea of privilege, answered by exception and denial, asserting claim for the full amount due under the insurance policy. On final hearing, the court sustained the plea of privilege interposed by Mrs. Nixon in her individual capacity and as guardian, trustee and next friend of her son, and abated the suit as to them in these capacities, but retained same as against Mrs. Nixon as independent executrix of the estate of S. M. Nixon, deceased. Thereupon the court took up the demurrers of Mrs. Nixon as independent executrix, sustained the general demurrer to plaintiff's petition and dismissed the case at plaintiffs' costs.

The New York Life Insurance Company appealed to the Court of Civil Appeals for the Third District from the judgment against it, that is, from the judgment sustaining the demurrer on its independent bill to interplead the claimants. The executrix appealed to the same Court of Civil Appeals from the judgment against her for damages. The two other life insurance companies which claimed the right of interpleader in its original suit which was denied to each of them, also took, one an appeal, and the other a writ of error to the Court of Civil Appeals. Each appellant, or plaintiff in error, took up a separate transcript. When the cases were called for hearing in the Court of Civil Appeals, the executrix and the Malones announced that they had reached an agreement whereby the executrix was to pay the Malones a certain sum of money and the cause was to be reversed and remanded on her appeal. The court, however, held the appeal of the executrix, and heard it together with the three other cases brought before it by the insurance companies. The Court of Civil Appeals held that the right of interpleader existed, and reversed the judgment of the District Court as to each of the insurance companies with instructions to the District Court to allow

an interpleader, Special Justice Von Rosenberg dissenting, and reversed and remanded the cause of the New York Life Insurance Company v. Maud Q. Nixon, for error of the District Court in sustaining the demurrer to its petition for interpleader. It also remanded the cause on the appeal of the executrix in pursuance of the agreement filed, and taxed all the costs of the appeal in each of the cases and for separate transcript by the insurance companies, against the executrix, Maud Q. Nixon, and Maud Q. Nixon and S. M. Nixon, Jr. The executrix, the widow and guardian of the child filed a motion for a rehearing and upon that motion the court consolidated three of the four cases and treated the motion for rehearing as a motion in the consolidated cases adhering however to its disposition of the several appeals. In this consolidated case a writ of error has been granted by this court, as well as in the case of Maud Q. Nixon v. New York Life Insurance Company.

In the Court of Civil Appeals there was a hearing of four cases and an opinion rendered which was decisive of all four cases without any consolidation. The main case of Nixon v. Cora Malone, The New York Life Insurance Company v. Cora Malone, The Mutual Benefit Life Insurance Company v. Cora Malone, and the Mutual Life Insurance Company of New York v. Cora Malone.

In the District Court the main case was styled, Cora Malone et al. v. S. M. Nixon et al., and each of the above named insurance companies was made a party to said suit. The New York Life Insurance Company, after it had been made a party to the original suit, brought an independent suit of interpleader in which all the other parties were made defendants, and after judgment prosecuted a separate appeal to the Court of Civil Appeals.

The Mutual Benefit Life Insurance Company brought its case to the Court of Civil Appeals by separate transcript.

The Mutual Life Insurance Company of New York sued out a writ of error and brought its case to the Court of Civil Appeals by separate transcript, and Maud Q. Nixon and S. M. Nixon, Jr., and Maud Q. Nixon in her fiduciary capacity, brought the main case up by appeal and filed a transcript.

The appellants in the main case filed a motion in the Court of Civil Appeals to consolidate the cases of the Mutual Benefit Life Insurance Company v. Cora Malone, and the Mutual Life Insurance Company of New York v. Cora Malone, with the main case, and to charge each of said insurance companies with the cost of its separate transcript and appeal. This motion was not passed on by the Court of Civil Appeals and was again presented in the motion for rehearing. They also filed a motion to dismiss the appeal in the case of New York Life Insurance Company v. Cora Malone, which does not seem to have been passed upon. and was again presented in the motion for a rehearing. The motion for a rehearing in the Court of Civil Appeals was filed by Maud Q. Nixon and her son, S. M. Nixon, Jr., and asked for a rehearing for the following reasons, among others:

"This was a hearing of four cases, without any consolidation—the main case of S. M. Nixon v. Cora Malone, No. 3866.

"The New York Life Insurance Company, appellant, v. Cora Malone, No. 3783.

"The Mutual Benefit Life Insurance Company v. Cora Malone, No. 3869.

"Mutual Life Insurance Company of New York v. Cora Malone, No. 3903.

"There is no complaint as to the reversal and remanding of the mother case—because that was agreed by the main parties thereto—it having been settled.

"But she does complain at the reversal and remand of the three cases by the insurance companies—numbers 3866, 3869 and 3903—and at the overruling by the court of her several motions.

"The questions in the three cases by the insurance companies were the same, although the errors were separately assigned, and only one set of errors assigned is here set out.

"Number 1.    The court erred in sustaining assignment of error number 1 (New York Life Insurance Co. v. Cora Malone), which is as follows: 'The court erred in overruling plaintiff's several demurrers contained in its supplemental petition, to the plea of privilege interposed by Mrs. Maud Q. Nixon, as guardian of the estate of S. M. Nixon, Jr., and by Mrs. Maud Q. Nixon, as mother and next friend of S. M. Nixon, Jr., and by S. M. Nixon, Jr.'

"Number 2.    The court erred in sustaining the second assignment of error, it being as follows: 'The court erred in overruling plaintiff's special exception contained in its first supplemental petition to the plea of privilege interposed by Mrs. Maud Q. Nixon, by Mrs. Maud Q. Nixon, as guardian of the estate of S. M. Nixon, Jr., and by Mrs. Maud Q. Nixon, as mother and next friend of S. M. Nixon, Jr., and by S. M. Nixon, Jr.'

"Number 3.    The court erred in sustaining plaintiff's assignment of error number 3, as follows: 'The court erred in overruling plaintiff's motion, seeking to have the court hear evidence upon issues of fact, tendered by the plea of privilege interposed by Maud Q. Nixon, by Maud Q. Nixon, as guardian of the estate of S. M. Nixon, Jr., and by Maud Q. Nixon as mother and next friend of S. M. Nixon, Jr., and by S. M. Nixon, Jr., and in declining to hear evidence as to any of the said issues of fact, save such as relate to the residence of the defendants, Maud Q. Nixon and S. M. Nixon, Jr., all of which will more fully and at large appear by reference to plaintiff's bill of exceptions.'

"Number 4.    The court erred in sustaining plaintiff's assignment of error number 4, which is as follows: 'The court erred in sustaining the general demurrer, contained in the answer of Maud Q. Nixon, as executrix of the last will and testament of S. M. Nixon, deceased, to plaintiff's original petition, and in declining to hear and determine any of the issues sought to be joined between plaintiff and any of the defendants, and in dismissing plaintiff and said cause, at plaintiff's cost and in rendering judgment against plaintiff and in favor of the defendant in said cause for all the costs therein incurred.'

"Number 5.    The court erred in not sustaining the motion to dismiss

the appeal; in the case of the New York Life Insurance Company v. Cora Malone, for want of a final judgment, in the transcript, No. 3783.

"Number 10. The court erred in allowing costs against Maud Q. Nixon, Maud Q. Nixon as executrix and S. M. Nixon, Jr., in favor of the Mutual Benefit Life Insurance Company and the Mutual Life Insurance Company of New York.

"S. R. Fisher, Esq., represents the New York Life Insurance Company, whose residence is Austin. James D. Crenshaw, of San Antonio, represents the Mutual Life Insurance Company of New York. Messrs. Locke & Locke of Dallas, Texas, represent the Mutual Benefit Life Insurance Company. Judge J. H. Robertson, of Austin, and P. Y. Greenwood, of Luling, represent Cora Malone."

The opinion of the majority of the Court of Civil Appeals in passing upon this motion for a rehearing is, in part, as follows:

"Complaint is made of the action of the court in overruling the motion of appellant to consolidate with this case, cause number 3869, the Mutual Benefit Life Insurance Company v. Cora Malone, and cause number 3903, The Mutual Life Insurance Company of New York v. Cora Malone. The two causes pending in this court are in fact the same as this cause. Appellant, in the first, appealed and took out a separate record, and the other was brought up by writ of error to this court with a separate record.

"We are of the opinion that said causes numbers 3869 and 3903 should be consolidated with this cause, and it is so ordered; it is further ordered that the motion for rehearing should be made to apply to the three causes as thus consolidated.

"The disposition of the costs heretofore adjudged will not be disturbed.

"We are of the opinion that the motion for rehearing presents no error, and that except as to the consolidation of causes numbers 3869 and 3903 with this cause, should be overruled, and it is so ordered.

In this court the New York Life Insurance Company, defendant in error, has filed and submitted with the case, a motion to dismiss the writ of error, in that case on the grounds, (1) There was no motion for rehearing filed in this cause by the plaintiff in error in the Court of Civil Appeals. (2) The Court of Civil Appeals has never heard, passed upon, or determined any motion, suggestion, or application of any kind for a rehearing in this cause.

Other grounds are set up but the merits of all the others are embraced in the two grounds set out.

We do not understand that the filing of a motion for a rehearing in the Court of Civil Appeals is essential to the jurisdiction of the Supreme Court—it is not made so by the statute. Revised Statutes of Texas, article 1030, provides that any party desiring a rehearing of any matter determined in the Court of Civil Appeals, may file within fifteen days after the date of the judgment or decision of the case a motion in writing for a rehearing thereof with the clerk of said court.

The Supreme Court, by rule 1, requires a motion for a rehearing to be filed in the Court of Civil Appeals and overruled before applying for a writ of error, and that the petition for writ of error filed in the

Supreme Court shall be a specific assignment of errors confined to the points of law presented in such motion for rehearing filed in and overruled by the Court of Civil Appeals. The object of this rule is to give the Court of Civil Appeals an opportunity to correct any error it may have committed in disposing of the questions presented in the case. That this rule of the Supreme Court was complied with in this case and its object and purpose fully subserved, we have no doubt. The motion of the defendant in error, New York Life Insurance Company, to dismiss the writ of error in that case is therefore overruled.

The plea of privilege to be sued in the county of their residence, filed by Maud Q. Nixon and her son, S. M. Nixon, Jr., in the main case, was without merit and should have been stricken out by the District Court on the demurrer. The original suit was brought in Caldwell County by the widow, children and heirs of Robert W. Malone against S. M. Nixon in his lifetime to recover $50,000 damages for the alleged wrongful and malicious murdering of said Robert W. Malone by S. M. Nixon in said Caldwell County. S. M. Nixon appeared and answered, setting up that the killing was in his necessary self defense. Subsequent to this he died, and the cause of action being one that survived against his legal representatives, any necessary or proper party could be brought into the suit in Caldwell County, irrespective of the county of their residence. (Rev. Stats., art. 1094, sec. 9; Rev. Stats., art. 1248.)

The substantial question involved in the main case to be determined by this court is whether the three insurance companies, the Mutual Benefit Life Insurance Company, the Mutual Life Insurance Company of New York and the New York Life Insurance Company, who were made parties to that suit by the plaintiffs (the Malones), were entitled as defensive pleading to the remedy of interpleader, sought by each of them. The answer filed in said suit by each of said insurance companies was sufficient on its face and contained all the material allegations showing that each of said companies was a disinterested stakeholder, admitting its liability, but not knowing to whom to pay the money, and being in doubt as to what to do owing to the conflicting claims, each offered and asked to be allowed to pay the money in its hands, $10,000, into court, and that the diverse claimants be required to interplead among themselves, and that the court settle their respective rights to said money, and that they each be dismissed from the suit and allowed their reasonable attorney's fees and costs.

The remedy of interpleader is an equitable one, and is for the protection of the disinterested and innocent stakeholder who claims no interest in the money or property as a claimant or litigant, and who by reason of the conflicting claims of persons who derive their title either from a common source or one from the other and the uncertain and doubtful position in which he is placed by the diverse claimants, knows not what to do and fearing he may be hurt by some of them asks instructions and protection from a court of equity. (Williams v. Wright, 20 Texas, 500; 4 Pomeroy's Eq. Jur. (3d ed.), sec. 1320, etc.) Under our blended system, where law and equity are administered by the same court, and the rights of all parties to the suit in the subject

matter thereof may be adjudicated and fully protected, a defendant is entitled, in a proper case, to the equitable remedy of interpleading, and may set up in his answer as defensive pleading the facts and circumstances which entitle him to such remedy.  (Williams v. Wright, supra.)

While the circumstance of the case must be such as to place the stakeholder in some real doubt, or hazard to entitle him to the remedy of interpleading, yet the remedy is so beneficial and so just that any reasonable doubt as to his right to an interpleader will be resolved in his favor.  (Maclennan on Interpleader, 3, 4; Supreme Commandery v. Merrick, 163 Mass., 374.)

We can not concur in the dissent of Special Associate Justice Von Rosenberg of the Court of Civil Appeals, on the grounds stated in his dissenting opinion, "That the bills of interpleader filed by the insurance companies show upon their face that they have each incurred an independent liability to Mrs. Nixon and her son by their own act in permitting Mr. Nixon to so change the policies as to make them payable to his wife and son instead of to his estate as at first written, and that under these circumstances as the insurance companies are liable at all events to Mrs. Nixon, whatever may be the respective claims upon the insurance money as between Mrs. Nixon and son, the Malones and Veazey, the insurance compaines can not call upon said parties to interplead; neither does it matter how the transfers of said policies were changed."

The answers of the insurance companies each seeking the remedy of interpleader, were each stricken out on demurrer.  The legal effect of the demurrer was to admit the truth of all the allegations in such answer.

The allegations in the interpleading answers of the different insurance companies are substantially the same:  That the policy originally was payable to Stephen M. Nixon, or his executors, administrators or assigns; that in the policy it was stipulated that Nixon should be entitled, at any time, while it was in force and not assigned, to have the beneficiary thereof changed upon return of the policy to the insurance company with his written request for the appropriate endorsement of the policy; that in pursuance of said stipulation, on or about July 7, 1904, Nixon returned the policy to the company and requested it to change the beneficiary thereof from himself to his wife and child; that in compliance with such request the company endorsed upon the policy a clause making the same payable to Nixon's wife and child; that in making such endorsement the company was not colluding with Nixon, but merely was complying with a request in accordance with a provision of the contract entitling him to such compliance; that in so doing it acted without any information or notice of any kind that the plaintiffs had or claimed any rights in connection with the policy.

It is not shown by the interpleading answer, to which the demurrer was sustained, that Mrs. Nixon or the child paid anything to the insurance company for the change made in the policy in their favor, or that because of such changes they either did anything which otherwise they would not have done or omitted to do anything which they would

have done; nor is it pretended that anything of this kind took place. There is no element of estoppel in the transaction. The case is simply one of a transfer made by Nixon to his wife and child of a chose in action which he owned and which was payable to himself, and of a dispute between them and his creditors as to whether the transfer was valid as against the creditors.

While we do not question the soundness of the general doctrine as stated by the learned associate justice in his dissenting opinion, that a party is not entitled to the remedy of interpleader against several claimants to money in his hands, after he has become independently liable to any one of them for the payment thereof to him, we do not think the interpleading answers of the insurance companies show such liability to Mrs. Nixon and the child as would deny them the right of interpleader. Supreme Commandery United Order Golden Cross v. Merrick, 163 Mass., 374; Woodmen O. W. v. Wood, 100 Mo. App., 655. The insurance policies were assets, belonging to the estate of S. M. Nixon after his death, if they had not been legally transferred, or if transferred by S. M. Nixon to defraud his creditors, such transfer or change of beneficiaries, could be set aside at the suit of creditors, and the proceeds of the policies subjected to the payment of their debts. (Fredman v. Fennell, 94 Ala., 570; Saving Bank v. McLean, 84 Mich., 625.)

The District Court erred in sustaining the demurrer and exceptions to each of the interpleading answers of the defendant insurance companies, and dismissing them from the case.

Complaint is made by the plaintiff in error in this court in the main case as consolidated as to the instructions of the Court of Civil Appeals to the District Court, claiming that the instructions of the Court of Civil Appeals to the lower court allow each of the insurance companies to be the judge of the attorney's fee to which it is entitled under the interpleading answer. We do not so construe the instructions to the lower court. The amount of attorney's fees and cost should be determined by the lower court and each of the insurance companies, after deducting such reasonable expenses in the main case, should be permitted to pay into the court the money in their hands and retire from the suit.

With reference to the cost in the Court of Civil Appeals we think that court when it consolidated the cases of the Mutual Benefit Life Insurance Company v. Cora Malone and the Mutual Life Insurance Company v. Cora Malone with the main case, should have taxed the costs of the transcript and the writ of error to that court in the case of Mutual Life Insurance Company, plaintiff in error, v. Cora Malone, defendant in error, against the said plaintiff in error in that case, Mutual Life Insurance Company. The judgment of the Court of Civil Appeals in the main case as consolidated is hereby reformed and the costs of the transcript and the writ of error in that case of Mutual Life Insurance Company, plaintiff in error, v. Cora Malone, is hereby adjudged against the said Mutual Life Insurance Company, and the sureties on their writ of error bond, and as reformed the judgment of the Court of Civil Appeals, in the consolidated case, is affirmed.

With reference to the independent suit of interpleader by the New York Life Insurance Company v. Cora Malone, being an independent suit against all the parties, the petition showed on its face that it was a party to the main suit, and had filed an interpleader answer therein.  This was proper practice and it could obtain all the relief to which it was entitled including the equitable remedy of interpleader in that suit.  (Williams v. Wright, 20 Texas, 500.)  There was no necessity for an independent interpleader suit.  There could be no reasonable doubt or ·hazard in its position as a stakeholder after it had been made a party to the main case, which gave it the right to file its interpleading answer in that case.  It would be manifestly unjust to the party to whom the money in its hands is going to charge said party, or the money with attorney's fees and costs of an independent suit of· interpleader.

As to the case of Maud Q. Nixon, plaintiff in error, v. New York Life Insurance Company, defendant in error, the judgment of the Court of Civil Appeals is reversed and the judgment of the District Court of Caldwell County is hereby affirmed.

It is ordered that the plaintiffs in error in this court,˙ Maud Q. Nixon and˙ S. M. Nixon, and Maud Q. Nixon, in her representative capacity have and recover of and from the defendants in error in the two cases respectively all costs of the writ of error tó this court.

*Affirmed in part.*