## ALDERDICE v. GREAT SOUTHERN LIFE INS. CO. et al.

No. 1052.

Court of Civil Appeals of Texas. Waco.

April 23, 1931.

Rehearing Denied May 22, 1931.

James Cornell and R. G. Hughes, both of San Angelo, and L. J. Wardlaw, of Fort Worth, for appellant.

J. L. Gammon and Farrar & Stoval, all of Waxahachie, Vinson, Elkins, Sweeton & Weems, of Houston, and G. Goodwin Sweatt, of Waxahachie, for appellees.

ALEXANDER, J.

This was a suit instituted in the district court of Ellis county by J. A. Alderdice and others, constituting the children of James Monroe Alderdice, deceased, by his first wife, against Great Southern Life Insurance Company and Vivian L. Alderdice, individually and as executrix under the will of James Monroe Alderdice, deceased, to recover the amount due under a life insurance policy issued by the insurance company on the life of James Monroe Alderdice. The appeal involves the ruling of the trial court in overruling pleas of privilege filed by Vivian L. Alderdice, individually and as such executrix, to be sued in Tom Green county, the county of her residence. The plaintiff alleged that some of the plaintiffs, naming them, resided in Ellis county, that James Monroe Alderdice at the time of his death resided in Ellis county, where his estate was then being administered, and that Mrs. Vivian L. Alderdice, who is the divorced wife of James Monroe Alderdice, resided in Tom Green county, and that she was the executrix under the will of James Monroe Alderdice. The home office of the insurance company was alleged to be in Harris county. The plaintiffs alleged that the policy of insurance was originally made payable to the estate of the insured, but was later made payable to Vivian L. Alderdice, and still later had been assigned by the insured to the plaintiffs. It was alleged that the policy was in the possession of Vivian L. Alderdice, and that she was claiming some interest in the proceeds due under the policy.

The insurance company, by way of answer, filed a cross-bill in the nature of a bill of interpleader, complaining of the plaintiffs and Vivian L. Alderdice, individually and as executrix of said will, and alleged that there were approximately $6,500 due under the policy, that the policy was first made payable to the estate of insured, and that in 1918, at the request of the insured, the beneficiary had been changed to Vivian L. Alderdice, and that in 1928, at the request of the insured, the policy had been changed, making the plaintiffs the beneficiaries therein. The policy was alleged to be in the possession of Vivian L. Alderdice. The insurance company alleged that Mrs. Alderdice, individually and as the executrix of said will, and the plaintiffs were each and all claiming the money due under said policy, and that there was a real doubt as to who was entitled to said money, and that the insurance company was unable to determine the true owners of said funds. The insurance company paid the money into the registry of the court, and prayed that all parties be cited to appear and show their interest in said funds, and that the court pay the same to the rightful owner thereof, and the insurance company be discharged.

Vivian L. Alderdice, individually and as such executrix, before appearance day, filed

pleas of privilege to be sued in Tom Green county, both as to the original action brought by the plaintiffs and the plea of interpleader filed by the insurance company. Within due time the plaintiffs controverted the pleas of privilege and alleged the substance of the facts set out in the bill of interpleader filed by the insurance company, and alleged that the funds were then on deposit in the registry of the court in Ellis county, and that the the contest was over the true ownership thereof, and that the matter should be litigated in that county. The evidence supports the allegations. The trial court, after hearing the facts, overruled the pleas of privilege. Vivian L. Alderdice individually and as executrix has appealed.

Since the appeal of this case, Mrs. Alderdice has resigned as executrix under the will of James Monroe Alderdice, and the Republic Bank & Trust Company of Waxahachie has been appointed administrator de bonis non of said estate, and has filed herein a motion to dismiss the appeal in so far as said estate is concerned. Mrs. Alderdice, however, in her individual capacity, still insists on having the case transferred to Tom Green county. She contends that she was not a necessary party to the original suit filed by the plaintiffs, and, since that suit was not filed in the county of the residence of either of the defendants, her plea of privilege should have been sustained.

The plaintiffs duly controverted the pleas of privilege filed by Mrs. Alderdice both in her individual capacity and as executrix under said will. At the time the insurance company filed its cross-action or bill of interpleader, there was a controversy existing between Mrs. Alderdice and the plaintiffs as to the true ownership of the funds due under the policy in question. There was a reasonable doubt as to the true ownership of such funds. The insurance company was willing to pay the funds to the rightful owner, but could not determine who was the rightful claimant and pay over the funds to any one, or group, of such claimants without hazard to itself. Since there was a reasonable doubt as to the true owner, the insurance company as the stakeholder had the right, independent of the filing of this suit by the plaintiffs, to select the forum in which the controversy should be litigated, and to file a bill of interpleader to have determined the true ownership of such funds, so long as the suit was maintained in the county of the residence of any one of such claimants. Nixon v. New York Life Insurance Co., 100 Tex. 250, 263, 98 S. W. 380, 99 S. W. 403; Greenwall v. Ligon (Tex. Com. App.) 14 S.W.(2d) 829; McCormick v. Southwestern Life Insurance Co. (Tex. Civ. App.) 35 S.W.(2d) 502; Great Southern Life Insurance Co. v. Kinney (Tex. Civ. App.) 276 S. W. 741; Baber v. Houston National Exchange Bank (Tex. Civ. App.) 218 S. W. 156. The insurance company, by filing its bill of interpleader in Ellis county, filed the same in the county of the residence of some of the original plaintiffs. As to such bill of interpleader, the original plaintiffs in this suit became defendants in the bill of interpleader. Mrs. Alderdice, being one of the rival claimants to the funds that had thus been paid into the registry of the court, was properly joined as one of the defendants therein. The bill of interpleader was therefore lawfully maintainable in Ellis county; that being the county of the residence of some of the defendants in the bill of interpleader. Revised Statutes, art. 1995, subd. 4; Nixon v. New York Life Insurance Co., 100 Tex. 250, 263, 98 S. W. 380, 99 S. W. 403; McCormick v. Southwestern Life Insurance Co. (Tex. Civ. App.) 35 S.W.(2d) 502.

The original suit was maintainable in Ellis county against the insurance company under subdivision 28, Revised Statutes, article 1995, but, since the suit as originally brought was not filed in the county of the residence of any of the then defendants, if that suit had stood alone, Mrs. Alderdice would have had the right to have the suit transferred to the county of her residence, unless she was a necessary party under the terms of Revised Statutes, art. 1995, subd. 29a (Acts 1927, 40th Leg., 1st C. S., p. 197, c. 92, § 2 [Vernon's Ann. Civ. St. art. 1995, subd. 29a]). It is not necessary, however, for us to determine whether she was a necessary party within the terms of that section of the statute. At the time of the filing of the pleas of privilege and the hearing thereon, the court had acquired jurisdiction over the bill of interpleader which was properly maintainable in Ellis county as to Mrs. Alderdice. The suit by the insurance company to determine the ownership of the funds was so closely connected and intermingled with the action of the plaintiffs against the insurance company to recover on the policy and to divest Mrs. Alderdice of any interest in the funds as to constitute but one cause of action properly maintainable in one suit. In order to avoid a multiplicity of suits, the court was authorized to treat the entire matter as one controversy and to try the same in one action. Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423; Cotton Concentration Co. v. First National Bank of McGregor (Tex. Civ. App.) 245 S. W. 118; Middlebrook v. Bradley Mfg. Co., 86 Tex. 706, 26 S. W. 935; Shafer v. Brashear (Tex. Civ. App.) 274 S. W. 229; Landa v. F. S. Ainsa Co. (Tex. Civ. App.) 231 S. W. 175; Foster v. G. C. & S. F. Ry. Co., 91 Tex. 631, 45 S. W. 376; Hardin v. Majors (Tex. Civ. App.) 246 S. W. 100; Humphreys v. Young (Tex. Civ. App.) 293 S. W. 655; Mumme v. Spies (Tex. Civ. App.) 15 S.W.(2d) 137.

The original plaintiffs as such, and as codefendants in the bill of interpleader, had

the right to contest the pleas of privilege and to put in issue the facts therein alleged. Revised Statutes, art. 2007, does not, by express terms, authorize a codefendant to controvert a plea of privilege. It merely provides that the plaintiff may controvert such plea by the filing of proper affidavit. However, article 1995 of the Revised Statutes gives every defendant the right to be sued in the county of his residence, unless the case comes within one of the exceptions named in the statute. The defendants in the bill of interpleader (plaintiffs in the original suit) who resided in Ellis county had the same right to have that action maintained in Ellis county, the county of their residence, as did Mrs. Alderdice to have it transferred to the county of her residence, and they were authorized to controvert the plea of privilege. 40 Cyc. 119. The trial court properly overruled the plea of privilege.

The judgment of the trial court is affirmed.