## AMERICAN NAT. INS. CO. v. WOLFE et al.

### No. 3263.

.Court of Civil Appeals of Texas. Beaumont.
April 8, 1938.

Rehearing Denied April 20, 1938.

W. B. Handley, of Dallas, for appellant.

Cunningham & Lipscomb, of Bonham, for appellees.

COMBS, Justice.

This was an interpleader suit filed in the district court of Fannin county by appellant interpleading appellees on allegations that they were claiming conflicting interest in the proceeds of two policies issued by it to Mrs. Annie White Smith, deceased, aggregating $5,000. The trial court entered a judgment in favor of appellee, Lelia Belle Wolfe, the beneficiary named in the policies, awarding judgment against appellant for the face amount of the policies, plus a statutory penalty of 12 per cent., together with 6 per cent. interest and $500 attorney's fee, for failure to pay the policies within thirty days after demand was made as provided by Vernon's Ann.Civ.St. art. 4736. From that judgment this appeal was prosecuted to the Court of Civil Appeals at Texarkana, and the case is before us on transfer by the Supreme Court.

The only issue in the case was the right of the insurance company to the remedy of interpleader. On that issue the facts, so far as necessary to be stated, were: The policies in question were issued in 1931 to Annie White Smith and named appellee, Lelia Belle Wolfe, a daughter of Mrs. Smith, as beneficiary. Mrs. Annie White Smith died October 19, 1936. Proof of death on forms furnished by the insurance company were duly forwarded by the attorney for Lelia Belle Wolfe, and were received by the insurance company November 2, 1936. The proofs gave the date of birth of the insured as January 29, 1867, the date shown in the application for the policies. But a newspaper clipping giving an account of the death of Mrs. Smith was attached to the proofs. This newspaper article gave the date of birth as January 19, 1865. The company promptly wrote to the attorney calling attention to the discrepancy and stating that, if the date of birth was 1865 instead of 1867, it would reduce the amount of the policies and requested that the matter be cleared up. In the meantime W. O. White, a son of the insured, wrote the company to the effect that the heirs of Mrs. Smith claimed a right to the proceeds of the policies, and requested the company not to pay the proceeds to Mrs. Lelia Belle Wolfe, the named beneficiary. On October 12, 1936, Crouch & Crouch, attorneys of Bonham, sent copy of the pleading which they were filing in probate court of Fannin county in behalf of W. O. White and J. C. Smith, contesting the will of Mrs. Smith which had been filed for probate. In that pleading it was alleged that Mrs. Smith had been non compos mentis for at least eight years, and that by duress and fraud Lelia Belle Wolfe had induced Mrs. Smith to make the will. It was also alleged that Lelia Belle Wolfe had caused Mrs. Smith to take out the two insurance policies in question, that

the premiums had been paid by Mrs. Smith, and that an administrator should be appointed by the court to bring suit for the estate for recovery of the premiums which had been paid. Hon. W. B. Handley, attorney for the insurance company, testified that about the 20th of November, 1936, he went to Bonham and conferred with the attorneys for Lelia Belle Wolfe, and attorneys of the contestants in the will case; that he then made inquiry concerning the discrepancy with reference to the date of Mrs. Smith's birth, and also with reference to the will contest; and that he told the attorneys it would probably be necessary, in view of the conflicting claims for the insurance company, to file an interpleader suit. At his suggestion the attorneys agreed to waive service for their respective clients, and later did so. He testified that he recommended to the insurance company that an interpleader suit be filed tendering payment of the full amount of the policies. The insurance company accepted his recommendations and about the 15th day of December, 1936, check was sent to Mr. Handley for the full amount of the policies payable to the clerk of the district court of Fannin county. The interpleader suit was filed December 21, 1936. The pleadings admitted full liability, stated the facts with reference to the conflicting claims, tendered payment, and prayed for an order of the court directing the payment of the funds into the registry of the court. The will contest was tried in the probate court and then appealed to the district court, where judgment was entered February 11, 1937, probating the will. The interpleader suit came on for hearing March 20, 1937. On that day, the trial judge entered an order directing the money to be paid into court and it was paid. In the meantime all parties except Lelia Belle Wolfe had filed disclaimers, disclaiming all interest in the proceeds of the policies. By cross-action, Lelia Belle Wolfe sought judgment.

The testimony of Mr. Handley to the effect that he acted in good faith in advising his company to file the interpleader was in no way disputed. An attorney for Lelia Belle Wolfe, Hon. R. T. Lipscomb, testified in the case concerning attorney's fees. He did not dispute the testimony of Mr. Handley in any respect, nor did any other witness.

The trial was to the court without a jury and, at the conclusion of the evidence, the trial court entered judgment in favor of Lelia Belle Wolfe for the face amount of the policies, plus interest, penalty, and attorney fees, as above stated. The trial court filed findings of fact and conclusions of law, wherein he found among other things.

"5a. I find that the suit and plea of the American National Insurance Company, plaintiff was not brought in good faith, but that it was brought for the purpose of collecting attorney's fee out of the insurance policy involved in this suit.

"6. That said American National Insurance Company raised the issue as to the age of the insured at the time the policies were issued, and suggested that if they were liable, they would not be liable for the full amount of the policies, and that the American National Insurance Company did not act diligently and in good faith.

"7. I find that a reasonable attorney's fee for the attorneys representing Lelia Belle Wolfe, to be $500.00, and I find that a reasonable attorney's fee, if any was due the attorney for the American National Insurance Company, to be $500.00."

## Opinion.

We think the judgment of the trial court was erroneous. As we view the record, the facts and circumstances in evidence did not support the finding that the insurance company did not act in good faith when it filed the interpleader suit December 21, 1936. It is shown that the will contest case, involving the issue that the insured had been non compos mentis for eight years, was actively litigated through two courts, that the pleadings of certain of the children of Mrs. Smith in that case asserted the right of the estate to recover premiums paid to the insurance company, aggregating more than $2,000, on the theory that because of the insured's mental condition no valid contract of insurance ever existed. Such being the case, how can it be reasonably concluded that the attorney for the insurance company did not act in good faith in bringing the interpleader suit, but did so only for the purpose of making the fee? In Nixon v. Malone, 100 Tex. 250, 98 S.W. 380, 385, 99 S.W. 403, our Supreme Court said: "While the circumstances of the case must be such as to place the stakeholder in some real doubt or hazard to entitle him to the remedy of interpleader, yet the remedy is so beneficial and so just that any reasonable doubt as to his right to an interpleader will be resolved in his favor." See, also, Great

Southern Life Insurance Company v. Kinney, Tex.Civ.App., 276 S.W. 741.

█ In this case the trial court found as a fact, and no assignment is made against the finding, that a reasonable fee for the attorney for the insurance company, if one be due, is $500. On the authority of Finn v. Metropolitan Life Insurance Co., Tex.Civ.App., 16 S.W.2d 922, affirmed Wilke v. Finn, Tex.Com.App., 39 S.W.2d 836, and authorities therein cited, appellant is entitled to recover the attorney's fee.

The judgment of the trial court is reversed and judgment here rendered for appellant.