S. S. WEEMS et al., Appellants,

v.

**FROST NATIONAL BANK OF SAN ANTONIO, Appellee.**

No. 12797.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 9, 1955.

Rehearing Denied March 9, 1955.

Wm. N. Bonner, Houston, Hall W. Griggs, West ·Columbia, for appellants.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, Mueller, Mueller, Grun & Legan, Pat Legan, San Antonio, for appellee.

POPE, Justice.

This is an appeal from an order overruling a plea of privilege filed in response to a cross-claim of the Frost National Bank under the Uniform Declaratory Judgments Act, and concerns Section 4 of Article 1995, Vernon's Ann.Civ.Stats.

Lillian C. Felder is the widow of J. D. Felder, one of the beneficiaries under the will of Zuleika W. Felder. J. D. Felder died after the death of testatrix. Lillian C. Felder, joined by her two children, and also joined by Loise A. Felder, her brother-in-law, filed suit in Nueces County against Frost National Bank of San Antonio, the independent executor under the Zuleika Felder will. Under the will, Loise A. Felder was bequeathed $1 in a codicil, which stated he had already received a large share.

The Bank promptly answered and cross-claimed against the original plaintiffs and others, and prayed for a declaratory judgment to construe the will and determine the rights and interests of the various conflicting claimants to the property. Cross-de-

fendants S. S. Weems, John Craig and Mason Craig filed pleas of privilege to be sued in Brazoria County. Their pleas were controverted by the Bank only, and were overruled.

The will was attached to the cross-claim, and several of its provisions present the basis for the conflicting claims, which we shall briefly mention. The testatrix, in the third paragraph of her will, stated that she was the owner of a one-third of one-eighth interest in the "gas and sulphur royalty on about five hundred (500) acres of land in Wharton County." The main asset of the estate is the oil production from that tract, but there is apparently no gas or sulphur production at all. The will leaves whatever is included in the third paragraph to M. A. Weems, Mrs. A. I. Craig, Z. E. Weems and S. S. Weems. The first three named persons predeceased the testatrix. John Hiden Craig and Mason Locke Weems Craig filed pleas of privilege and asserted that they are the only children and sole heirs of Mrs. A. L. Craig.

The Felders claim the oil production as sole heirs of the testatrix, and perhaps also under the residuary clause which gives the residue of the property to J. D. Felder. The Weems and Craigs claim that the will means that oil should be included in the devise to them, though "gas and sulphur royalty" was mentioned in the will.

■ Further dispute has arisen because several of the beneficiaries named in the will predeceased the testatrix. The executor does not know whether those portions lapsed into intestacy. After the will is construed, who constitute the legal heirs may become material, and there is dispute on that issue between the Felders and S. S. Weems. There are other disputes, but these are sufficient to show that the Bank cannot safely disburse oil royalties which it holds as independent executor without a judgment declaring the disputed rights under the will. The settlement of such disputes is properly within the express purpose of the Declaratory Judgments Act, § 4, Article 2524–1, Vernon's Ann.Civ.Stats.; Parks v. Francis, Tex.Civ.App., 202 S.W.2d 683.

■ We shall test the venue of the cross-claim by looking to the controversy between the Bank as cross-plaintiff and the cross-defendants named by the Bank. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; 1 McDonald, Texas Civil Practice, § 4.39. One of those cross-defendants is Loise A. Felder, who claims as an heir against the persons who claim as beneficiaries under the will and who have filed a plea of privilege. Loise A. Felder is a resident of Nueces County. Another cross-defendant is Lillian C. Felder, whom the trial court also found, upon disputed evidence, is a resident of Nueces County. Venue in Nueces County is proper under Section 4, Art. 1995, Vernon's Ann.Civ. Stats. Section 11 of Article 2524, Uniform Declaratory Judgments Act, states that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, * * *." Joining the non-resident defendants in the suit for declaratory judgment was proper. Benson v. Greenville Nat. Exchange Bank, Tex.Civ. App., 228 S.W.2d 272; Arterbury v. United States National Bank of Galveston, Tex. Civ.App., 194 S.W.2d 803; Alderdice v. Great Southern Life Insurance Company, Tex.Civ.App., 38 S.W.2d 873; Nixon v. Malone, Tex.Civ.App., 95 S.W. 577.

The judgment is affirmed.