WRIGHT et al. v. GRAND LODGE K. P., Colored, et al. (No. 5389.)

(Court of Civil Appeals of Texas. Austin. Oct. 28, 1914. On Motion for Rehearing, Jan. 13, 1915.)

1. INSURANCE ☞769—FRATERNAL INSURANCE — BENEFICIARIES — RELATIVES BY BLOOD WITHIN THE FOURTH DEGREE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4832, permitting blood relatives within the fourth degree to be designated as beneficiaries of fraternal insurance certificates, nephews and nieces may be designated as beneficiaries, falling within that degree.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1932, 1937, 1938; Dec. Dig. ☞769.]

2. INSURANCE ☞771—FRATERNAL INSURANCE — BENEFICIARIES — "LEGAL REPRESENTATIVE."

The constitution of a fraternal insurance order provided that the beneficiaries should be the wife, children, legal representatives, or persons dependent on the member for support, and that a husband separated from his wife, but not divorced, could designate some one or more persons other than his wife as beneficiaries, provided the beneficiaries designated to the exclusion of his wife should be his children, or, if

none, he could designate as beneficiaries any of the classes above named. *Held* that, while the term "legal representatives" usually is understood to refer to executors or administrators, it is elastic, and includes the nieces and nephews of a member who is separated from his wife.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1935, 1937; Dec. Dig. ☞771.

For other definitions, see Words and Phrases, First and Second Series, Legal Representative.]

3. INTERPLEADER ☞35 — ATTORNEY'S FEE — RIGHT TO.

Where the proceeds of an insurance certificate are claimed by several, and it is doubtful who is entitled, the insurer, who paid the money into court and required the parties to interplead, is entitled to reimbursement for attorney's fees so expended.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 76; Dec. Dig. ☞35.]

4. INTERPLEADER ☞35 — PROCEEDINGS — ATTORNEY'S FEE.

Where a fraternal insurer, sued in the county court, paid the money into court, and prayed that the court determine to whom it belonged, and its attorney thereafter filed a bill in the circuit court to require the claimants to interplead, the insurer was not entitled to an allowance of attorney's fees for the filing of the bill in the circuit court, where it was dismissed for want of jurisdiction.

[Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 76; Dec. Dig. ☞35.]

On Motion for Rehearing.

5. APPEAL AND ERROR ☞173—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Where defendant insurer admitted its liability and paid the amount of the certificate into court, it could not on appeal for the first time question its liability, and assert that the beneficiary was not entitled to the full amount paid into court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. ☞173.]

6. APPEAL AND ERROR ☞1116—REVIEW—DETERMINATION.

Where counsel for defendant insurer consented to the appellate court's determination of their counsel fees, the court will allow a fee, though there be no evidence before it, instead of remanding the cause.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4411, 4412; Dec. Dig. ☞1116.]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by John Robertson, as next friend of George Wright and others, against the Grand Lodge of Knights of Pythias, Colored, which impleaded Georgia Johnson Matthews and another. From a judgment for the latter, plaintiff appeals. Reversed and rendered.

Taylor & Forrester and J. A. Stanford, all of Waco, for appellant. J. D. Williamson, of Waco, for appellee Grand Lodge K. P. Neff & Taylor, of Waco, for appellee Georgia Johnson.

RICE, J. This suit was brought by appellant, John Robertson, as next friend for the minors, Geo. Wright, Blanch Johnson, and G. Lucile Anderson, against the Grand Lodge of Knights of Pythias, Colored, to recover the sum of $500, to which it is claimed said minors were entitled by reason of their being the beneficiaries named in a certificate of insurance issued by it to Andrew Matthews, their uncle, now deceased, who had paid all dues thereon, and complied with all the rules and regulations of said order. It was alleged that Georgia Johnson Matthews and W. Erskine Williams were claiming some interest in said policy, for which reason they were also made defendants. The Grand Lodge answered, admitting that it owed the $500, which it tendered into court, asking the court to determine to whom it belonged, and praying for its costs and $100 attorney's fees. The defendant Georgia Johnson Matthews answered that she was the surviving wife of the said Andrew Matthews, deceased, and that she was entitled, by reason thereof, to recover said $500, asserting that appellants, who were the nieces and nephew of her husband, could not, under the constitution of said order, be beneficiaries under said policy. To which appellants replied that at the time said certificate was issued, and at the time of the death of Andrew Matthews, he and his wife, Georgia Johnson Matthews, were separated, and had been so separated and living apart for about seven years, and that under the constitution of said order they were entitled to be named as beneficiaries under said policy. W. Erskine Williams, while having accepted service, failed to appear and file any pleadings, and the case was dismissed as to him. There was a trial before the court without a jury, resulting in a judgment in favor of Georgia Johnson Matthews, from which appellants have prosecuted this appeal.

The principal question necessary to be determined is whether or not appellants were entitled to be named as beneficiaries in said policy, and this is dependent upon the construction to be given to the constitution of said Grand Lodge. The facts show that appellants are the nieces and nephew of the deceased, Andrew Matthews, to whom the certificate was issued, and they were not dependent upon him for support, neither was he aged nor infirm, nor was he himself dependent upon any person or institution for support, and no one was dependent upon him for support. At the date the policy was issued, to wit, November 27, 1910, and at the time of his death, he and his wife, Georgia Johnson Matthews, were separated and living apart, and had been for about seven years. They had no children, and the said Andrew Matthews, deceased, left no child or children by any one.

[1, 2] The following parts of the constitution of the Grand Lodge were introduced in evidence. In the last clause of section 1,

chapter 1, stating the object of the order, is the following:

"To create a fund from which, on reasonable and satisfactory proof of the death of a member who has complied with all the requirements of the order,. there shall be paid to the person or persons named in the policy of membership (which is here termed) as beneficiary or beneficiaries. The beneficiary or beneficiaries shall be the wife, children, the legal representatives or persons dependent upon the member for support. The name or names of the beneficiary or beneficiaries shall be written in every policy issued."

Section 4:

"A husband separated from his wife, but not divorced, may designate some one or more persons other than the wife his beneficiary, provided the beneficiary so designated to the exclusion of the wife shall be his child or children, if such be. If there be no child or children, and he be aged or infirm, he may designate as his beneficiary the person or persons upon whom he depends for support; should he not be aged or infirm he will only be permitted to name as beneficiaries, other than his wife, the beneficiaries named in section 1 of this article; and in the order therein named to the persons dependent upon him for support."

Our statute (article 4832, Vernon's Sayles' Tex. Civ. Stat.) upon the subject of fraternal benefit societies does not forbid nieces or nephews to be named as beneficiaries, but, on the contrary, permits, among others, relatives by blood within the fourth degree to be designated as such, which would include them. So if, under the facts, they fall within the class named in the constitution of the order, as above outlined we think they are clearly entitled to be named as beneficiaries in said policy.

Is there, then, anything in the constitution that excludes them from being named as beneficiaries? The first section thereof names four distinct classes from whom the insured may select his beneficiary, and further specifies that the "name or names of the beneficiary or beneficiaries shall be written in every policy issued." As his wife was separated from him and not divorced at the time the policy was issued to Andrew Matthews, he had the legal right to designate some one or more persons other than his said wife his beneficiaries therein, provided, of course, that such beneficiary or beneficiaries so designated to the exclusion of his wife should be his child or children, if there should be such; in the event there was none, which is the case here, and he was not aged or infirm, and dependent upon no one for support, and no one was dependent upon him, then he was permitted to name as his beneficiaries other than his wife some person in the class named in section 1 above outlined, and in the order therein named. This being true, if his nieces and nephews could be regarded as legal representatives, then he had the right to name them as his beneficiaries in said policy. "As a general rule, when a benefit certificate issues from a benefit society the designation on the face of the certificate as to who shall be the beneficiary is conclusive on that subject." 29 Cyc. 121.

But it is not necessary to determine whether this rule should be applied in this case, for while it is true that the phrase "legal representatives" is ordinarily construed to refer to executors or administrators, yet it is said in 29 Cyc. 122, 123, that:

"In determining the meaning and scope of the words 'children' and 'issue,' 'heirs' and 'devisees,' and 'legal representatives' and 'estate,' as those terms are used in the member's designation of beneficiaries, or in statutes, or the charter or laws of the society, for the purpose of determining beneficiaries, the courts adopt a liberal rule of construction, so as to effectuate the intent of the parties and the benevolent objects of the society."

Applying this rule in the instant case, we conclude that the term "legal representatives" is sufficiently comprehensive to embrace the nieces and nephews of the deceased. We do not think that the wife, under the facts, was entitled to the fund. She was living separate and apart from the husband, which gave him the privilege of selecting some other beneficiary under the constitution of the order, and he saw fit to exercise it, and we think that the persons named were eligible, and that the court below erred in holding that they were not.

[3, 4] It is also contended on the part of appellants that the award of $100 as attorney's fees is excessive. While we think it is true, under the authority of Nixon v. N. Y. Life Ins. Co., 100 Tex. 250, 98 S. W. 380, 99 S. W. 403, that the lodge, where there is a contest over and it is doubtful who is entitled to the fund, has the right to employ counsel to represent it, pay the same into court, and pray that the court determine to whom it should belong, for which it is entitled to attorney's fees and costs, still we think, in the instant case, that the fee allowed is excessive. It is true that counsel states that the fee charged is reasonable; but this embraces services for filing a suit in the district court to require the contending parties to interplead, which was dismissed for want of jurisdiction. This, we think, should not be considered in determining the fee allowed the lodge. This expense was unnecessary, since the district court had no jurisdiction; but we think the allowance for attorney's fees should be limited to services performed in the present case. As there was no evidence as to what amount would be reasonable for such service in the county court, we conclude that the judgment of the trial court should be reversed, with instructions to render judgment in favor of appellants against said Grand Lodge for $500, the amount of said policy, less attorney's fees and court costs, and that the court proceed to hear evidence and determine what would be such reasonable attorney's fee, and also direct that, as between appellants and Georgia Johnson Matthews the court costs so awarded the Grand Lodge be adjudged

against her in favor of appellants; and the court is directed to render judgment accordingly.

Reversed, with instructions to render.

## On Motion for Rehearing.

[5] The lodge, in its motion for rehearing, claims that it is only liable in the sum of $300, stating that it was in error in admitting liability in the sum of $500, alleging that the policy sued on shows that it was issued November 27, 1910, and the pleadings show that Andrew Matthews, to whom it was issued, died November 11, 1911, and that the constitution of said Lodge provides that all policies issued on and after July 1, 1910, shall entitle the beneficiary to the minimum amount of $300 within the first 12 months of membership, based upon the date of issuance of policy; that in the case of death after 24 months from the date thereof the beneficiary shall be entitled to $400; and that in case of death of insured after 36 months from the date of policy the beneficiary shall be entitled to $500. Wherefore it prays that judgment be reformed, and entered against it for the sum of $300 only, and that this court adjudge the amount due it as attorney's fees.

This contention was not made in the court below, nor in this court until now; but, on the contrary, its liability to the extent of $500 was expressly admitted, both in the trial court and in the brief of its counsel, and that amount was paid into the registry of the court, for which reason we think the question cannot now be raised.

In addition to this, it is evident from the affidavits attached to appellants' resistance to this motion, as well as the pleadings in the case, that the original certificate, which seems to have been lost, was issued in 1905, and therefore the supposed copy thereof used in evidence by agreement must have been incorrect as to its date. Besides this, there is no pleading which would authorize such a change, even if there was sufficient evidence to support the allegations of the motion in this respect.

[6] Since counsel for appellees concur in the request that we fix the amount of attorney's fees to which the lodge may be entitled, we have concluded to do so, and now here fix the same at the sum of $50.

The motion, therefore, asking that the judgment be reduced in amount is overruled, but is granted as to fixing the amount of attorney's fees. It follows, from what we have said, that the judgment heretofore entered, reversing the case, with instructions to the trial court, should be, and the same is now hereby, set aside, and said judgment of the trial court is now here reversed and rendered in favor of appellants against said lodge for the sum of $500, the amount of said policy, less $50, attorney's fees, and court costs, and direct that as between appellants and Geor-

gia Johnson Matthews the costs so awarded the Grand Lodge are adjudged against her in favor of appellants.

Reversed and rendered.