## SEAMANS OIL CO. et al. v. GUY.
### (No. 1304.)

(Court of Civil Appeals of Texas. El Paso. March 16, 1922. Rehearing Denied April 6, 1922.)

1. **Interpleader** ⟊35—Where bank mere interpleader, attorney's fees allowable.

In an action against a bank for a sum alleged to have been on deposit to plaintiff's credit, where the bank admitted a sum on deposit, but, by reason of instructions given, the bank assumed the attitude of a stakeholder and tendered the money into court for the benefit of the real owner, the bank's position was that of an interpleader, and a reasonable attorney fee should have been allowed.

2. **Election of remedies** ⟊1—Defined.

"Election of remedies" has been defined to be the choosing between two or more different and coexistent modes of procedure and relief allowed by law on the same state of facts, and there can be no election between remedies unless two inconsistent remedies exist.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Election.]

3. **Election of remedies** ⟊2—Suit to rescind lease and action against depositary for rentals held not coexisting remedies.

Where a bank refused to pay a draft drawn for a sum alleged to be on deposit to plaintiff's credit, and it was shown that plaintiff, previous to the time that the deposit was made by an oil company for his credit, had instructed the bank not to receive the deposit, and had filed a suit against the oil company to cancel a lease, he had a remedy for cancellation of the lease, but had no remedy against the bank for deposited rentals until the bank refused to pay, and did not have a coexisting remedy by action against the company for money rentals, and, in an action against the bank for the deposit, was not called upon to choose between two coexisting modes of procedure.

Error from Eastland County Court at Law; Joe Jones, Judge.

Action by J. H. Guy against the Seamans Oil Company and another. From judgment for plaintiff against defendant Farmers' State Bank & Trust Company, both defendants bring error. Reformed and affirmed.

Conner & McRae, of Eastland, and Bishop, Scott & Sparks, of Gorman, for plaintiffs in error.

Grisham Bros., of Eastland, for defendant in error.

WALTHALL, J. This suit was brought in the county court at law by J. H. Guy against the Farmers' State Bank & Trust Company for $960, alleged to have been on deposit to his credit in said bank, and for which amount he had drawn his draft on said bank, and that payment had been refused, and his draft protested. The bank answered that it did have a fund on deposit in the sum of $1,140 placed with it by the Seamans Oil Company and the Empire Gas & Fuel Company, but did not have on deposit to the credit of J. H. Guy a sufficient sum to honor his draft for the amount sued for; that the $1,140 deposited was represented to be rentals on a certain oil and gas lease covering the lands of J. H. Guy, and that Guy had previously to its deposit, requested said bank not to accept the rental deposited from said oil companies; that said oil companies, after such deposits had been made in said bank, had instructed said bank to refuse to pay said moneys to J. H. Guy; and that by reason of said instructions said bank assumed the attitude of a stakeholder and tendered said money into court for the benefit of the real owner. The bank asked that it be allowed to retain out of said fund the sum of $100, or a reasonable sum for attorney's fees. The Seamans Oil Company and Empire Gas & Fuel Company intervened in said suit, and in substance alleged that the moneys mentioned in the pleadings of the plaintiff and defendant bank were placed in the bank by interveners under the terms of an oil and gas lease as rentals for extending the privilege of deferring operations under said lease on the lands of plaintiff, but that before acceptance of said rentals, and prior to their payment into said bank, the plaintiff repudiated the binding force of the said oil and gas lease, asserting that it was a mere optional contract, procured through fraud, and otherwise null and void, and brought suit in the district court of Eastland county for the cancellation of said oil and gas lease under which said rentals were deposited in defendant bank; that in said suit plaintiff and wife, among other things, alleged:

"These plaintiffs further deny that they have ever recovered, either from defendant or interveners, or their assignors, any moneys whatever as commutation payments for the right to defer the commencement of development on said lands for oil and gas, but have at all times refused to accept same and have thereby notified the defendant and interveners of the termination of said contract, and specially deny that any effort whatever has ever been made by any one to develop their said land for oil and gas."

The oil companies further alleged that said suit was further maintained in said

district court until within a few days prior to the termination of said oil and gas lease by its own terms, and thereupon dismissed said suit and brought this suit for said moneys. Interveners pleaded an estoppel and asserted ownership to said moneys deposited in the bank. By supplemental petition J. H. Guy admitted, in substance, the allegations of said oil companies, but alleged that they approved and contested said district court suit, and were therefore estopped to assert any ownership to said moneys. Plaintiff denied that the bank was an impartial stakeholder; alleged that, while a suit to cancel the lease had been filed on the grounds stated by interveners, plaintiff had voluntarily entered a nonsuit.

A statement of facts appears in the record. There is no controversy as to the facts. They are on the part of plaintiffs in error as their pleadings allege them to be. It was agreed by the parties in open court that the oil and gas companies are the present owners by assignments and mesne conveyances of the lease from Guy and wife, and that $100 would be a reasonable attorney fee for the bank for answering in the suit. It was further shown that $1,120 deposited in the bank by the oil and gas companies as rentals still remain in the bank in the escrow account. The bank received a letter from J. H. Guy with reference to the rentals directing that the bank accept no rentals on the lease, as same was in litigation, and to return all rentals. The bank also received a letter from the Seamans Oil Company, stating it had made deposits of rentals at that time totaling $720, that Guy had refused acceptance of the deposits, and that it was their desire that the money be not at that time paid to Guy unless satisfactory arrangements could be made in settling the litigation, and that, if such could not be done, they would ask a return of the money. Later Guy drew his draft on the bank on the rental deposits for $960, which the bank refused to pay, and for which Guy now sues.

The case was tried without a jury, and judgment was rendered in favor of Guy for $960 against the bank, denying the bank a recovery for attorney fees, and denying a recovery of the money rentals to the oil and gas companies.

The bank and the oil and gas companies prosecute this appeal by writs of error.

The bank presents but one question, prejudicial error in refusing judgment in its favor for attorney fees, on the ground that the bank was an impartial stakeholder of the funds in controversy, tendered the money into court, and asserted no claim thereto.

The oil and gas companies present several propositions, but, briefly, to the effect that, Guy having elected to sue for a cancellation of the lease contract, he is thereafter precluded and estopped from collecting the rentals deposited under the terms of the contract; that by his suit to cancel the contract Guy waived his right to recover on the contract; that, the rentals not having been placed to his credit, he could not recover same under the contract; that the suit for cancellation of the contract was the exercise of a remedy directly inconsistent with the remedy to recover the moneys as rentals that might be due under the contract.

[1] The first question presented is the claim of the bank for attorney fees. The position of the bank, evidently, was that of an interpleader, a mere stakeholder of the subject-matter of the litigation. There never was a time after the money was deposited in the bank, when the bank had become independently liable to Guy or the oil and gas companies for the payment of the money to either. By provision of the lease contract between the parties the bank was made the depository for the rentals. The bank had no interest in the deposit, seemed to have acted in good faith, and tendered the money into court. Guy and the oil and gas companies are each claiming the moneys. As to their respective claims the bank has no concern.

We think, under the following cases, the court should have allowed the attorney fee of $100, agreed to be a reasonable fee, and that the fee should be taken out of the deposits. Bolin v. St. Louis S. W. Ry. Co. (Tex. Civ. App.) 61 S. W. 444 (in which a writ of error was denied); Nixon v. Malone, 100 Tex. 250, 98 S. W. 380, 99 S. W. 403; Beilharz v. Illingsworth, 62 Tex. Civ. App. 647, 132 S. W. 106 (writ of error denied); Newhall v. Kastens, 70 Ill. 156.

As to the interveners, the oil and gas companies, the question is presented: Does Guy's refusal to accept the rentals when paid by the oil and gas companies into the depository bank, and his filing the suit to cancel the lease contract, one or the other, or both, amount to such election of remedies as to bar his recovery of the deposited money rentals?

[2] While no decisive rule seems to exist by which all cases in which the question can be tested, election of remedies has been defined to be the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts. There can be no election between remedies unless two inconsistent remedies exist.

[3] We think the facts do not show that Guy was called upon to choose between two coexisting modes of procedure, nor were there two coexisting causes of action. Conceding that Guy had a remedy by cancellation of the lease, he had no remedy by action against the bank for the deposited rentals until the bank's refusal to pay, nor did he have a coexisting remedy by action against the companies for the money rentals. The suit to cancel the lease contract does not necessarily lose to Guy the suit to recover the rentals. Wright v. Chandler (Tex. Civ. App.) 173 S.

W. 1173; Hartford Life Ins. Co. v. Patterson (Tex. Civ. App.) 231 S. W. 814.

It seems to us that the facts do not present a question of estoppel or election of remedies. It seems to us that the case of Bauman et al. v. Jaffray et al., 6 Tex. Civ. App. 489, 26 S. W. 260, to which we are referred as sustaining the contention of the interveners, is not parallel in its facts or issues with the case here and is not in point. We refer to the case for the facts without stating them here.

The judgment of the trial court is reformed as above indicated, and, as reformed, affirmed.

Reformed, and, as reformed, affirmed.