## CONTINENTAL NAT. BANK OF FORT WORTH v. SMITH et al. (No. 6854.)

(Court of Civil Appeals of Texas. Austin. April 25, 1925. Rehearing Denied May 20, 1925.)

1. **Interpleader** ⟵8(2)—**Bill justified where stakeholder has valid doubt as to his obligation to pay fund.**

A valid doubt respecting either a question of fact or law, with reference to a stakeholder's obligation to pay fund to one of several claimants, is sufficient to justify filing of a bill of interpleader.

2. **Interpleader** ⟵35—**Stakeholder entitled to file bill and recover attorney's fees as part of costs.**

One standing in position of a stakeholder is entitled to file a bill of interpleader, and, as a part of his costs, recover an attorney's fee commensurate with services rendered by counsel in the cause, eventually to fall on claimant who was in the wrong and made litigation necessary.

3. **Interpleader** ⟵35—**Complainant is not entitled to costs and attorney's fees, where bill of interpleader not properly filed against both adverse claimants.**

Complainant is not entitled to his costs and attorney's fees out of fund, where bill of in-

---

terpleader is not properly filed against both adverse claimants to the fund.

**4. Interpleader ⬧35—Bank filing bill of interpleader held not entitled to retain attorney's fees as costs out of fund for services of counsel in examining receiver's certified papers.**

Bank filing bill of interpleader to determine claims to fund in its possession, as result of two conflicting injunction suits in two district courts, *held* not entitled to retain attorney's fees as costs out of fund for services of counsel in examining receiver's certified papers, presented with first demand of payment, and before any adverse claim was known to bank.

**5. Interpleader ⬧6, 35—Bank would have right to file bill if placed in position of stakeholder, and to recover attorney's, fees therefor.**

Bank, if placed in position of stakeholder as result of two conflicting injunction suits, and knowing of pendency of injunction suits to which all adverse claimants to fund known to it were parties, would have right to file bill of interpleader stating its position, and asking court for directions to pay fund to rightful owner, and would be entitled to pay attorney's fees for filing bill out of fund, if it occupied position of stakeholder in some real doubt or hazard as to whom it should pay fund.

**6. Interpleader ⬧15—Bill is an · equitable remedy.**

Bill of interpleader is an equitable remedy.

**7. Interpleader ⬧35—Bank not entitled to attorney's fees for filing bills of interpleader, where rights of all claimants could have been determined in first bill filed.**

Bank filing bills of interpleader to determine claims to fund in its possession, as result of two conflicting injunction suits in two district courts, *held* not entitled to retain attorney's fees as costs for filing such bills out of fund, where it abandoned its first bill in which its rights and rights of all adverse claimants known to it could have been fully determined, and which rights were fully protected by a bond.

Appeal from District Court, Coleman County; J. B. Dibrell, Jr., Special Judge.

Suit by J. C. Smith and others against the Ocean Oil & Refining Company, in which the Continental National Bank of Fort Worth interpleaded. From a judgment denying interpleader attorney's fees, it appeals. Affirmed.

Thompson, Barwise & Wharton and Geo. Thompson, Jr., all of Fort Worth, for appellant.

Baker & Weatherred and Critz & Woodward, all of Coleman, for appellees.

BLAIR, J. This appeal arose in the following manner: In a suit between certain shareholders and trustees of the Ocean Oil & Refining Company, hereinafter called Oil Company, filed in the district court of Cole-

man county, James Amyx was appointed and qualified March 17, 1923, as receiver of the properties of the Oil Company. Out of this suit an injunction was issued and served March 20, 1923, upon appellant, Continental National Bank of Fort Worth, Tex., restraining it from paying out any fund in its possession belonging to the Oil Company, except upon the receiver's check. In the forenoon of March 20, 1923, after the service of the injunction, James Amyx called at appellant bank, in Fort Worth, and presented it with certified copies of his appointment, oath, and bond as receiver, and demanded payment of $8,830.58, the amount, on deposit to the credit of the Oil Company at the time the injunction was served, but the bank refused payment because of the claim that it was not sure of its legal rights and duties, and requested time to consult an attorney, which was granted by the receiver. About 2:30 p. m. on the same day, the time appointed for the receiver to return after the bank had consulted its attorney, he returned and was referred to the attorney, who then advised both the receiver and the bank that the bank should pay over the fund. The receiver then went from the attorney's office to the bank and again demanded payment of the money before closing hour of the bank, but was refused because in the meantime the bank had been informed by certain attorneys in Fort Worth that they expected to file a suit on the following day in the district court of Tarrant county, enjoining and restraining it from complying with the orders of the district court of Coleman county, and from paying the fund to the receiver. Suit was filed on the following day, March 21, 1923, in the district court of Tarrant county, Tex., by J. R. Meeker and H. H. Fellows against James Amyx and appellant bank, out of which a writ of injunction was issued, addressed "to James Amyx," restraining him from taking possession of or disposing of the properties of the Oil Company, also from demanding payment of the fund in appellant bank, and the writ thus addressed was served about 9 o'clock a. m., on the same day it was issued, upon both the receiver and the appellant bank.

The plaintiffs in that case filed a bond in the sum of $2,000, and appellant bank, though not duly cited, filed an answer in that suit in the nature of a bill of interpleader, and asked that the money be paid by the court to the rightful owner, and that it be allowed $100 as attorney's fees for answering therein.

The injunction was dissolved April 21, 1923, upon the motion of James Amyx, the receiver. Notice of appeal was given but never perfected. The bank, so far as the record discloses, did not prosecute its inter-

pleader suit, but apparently abandoned same. Thereafter, April 26, 1923, appellant bank deposited with the clerk of the district court of Coleman county in this cause the sum of $8,330.58, being all of the aforesaid fund except $500, which amount it retained as attorney's fees for the legal services rendered in the aforesaid matters concerning the fund which it held, contending in this connection that it occupied the position of a stakeholder, and was entitled to employ counsel to file a bill of interpleader in this cause, and to pay his fees out of the fund in question. It prayed that Meeker and Fellows, plaintiffs in the Tarrant county injunction suit theretofore dissolved, be made parties, and that the court pay the fund to the rightful owner. Meeker and Fellows were never made parties to this suit so far as the record discloses, and no judgment was sought or entered against them in connection with appellant bank's bill of interpleader herein filed.

The litigation between the shareholders and trustees of the Oil Company, parties to this suit, was settled by an agreed judgment, and the only question here is whether or not the appellant bank is entitled to retain the $500 out of the fund in question with which to pay attorney's fees under the facts above detailed, which are substantially the material findings of fact by the trial judge before whom the case was tried, a jury being waived. He also found that $500 was a reasonable fee for the services rendered, but that the bank did not occupy the position of a stakeholder, entitling it to employ counsel to file a bill of interpleader and pay him out of the funds in question, and upon request filed the following conclusions of law:

"(1) That the defendant Continental National Bank of Fort Worth was not such a stakeholder as would entitle it to attorney's fee out of the funds in its hands.

"(2) Regardless of the position of said bank with reference to the fund in question, it is not entitled to any allowance out of said fund for advice with reference to whether or not it should obey and give credit to the order and judgment of this court and of the judge of the Fifty-First Judicial District duly made herein.

"(3) That at the time the receiver, James Amyx, presented to said bank the certified copies of the orders of this court and of the judge of the Fifty-First Judicial District made herein, and of the bonds made thereon and of the oath of said receiver, and at the time the writ of injunction herein was served upon said bank, the said bank was not in such position, with reference to such fund, that it was entitled to inquire of attorneys or incur an attorney's fee at the expense of the defendant Ocean Oil & Refining Company, or to charge same against the fund in its hands, there being at that time no adverse claimant.

"(4) That the defendant James Amyx, after having duly qualified as such receiver, represented all parties to the suit in this county, including the defendant Ocean Oil & Refining Company, and was the 'hand of the court,' and that the defendant bank was charged as a matter of law with the duty of knowing its legal rights and duties in the premises, and is not entitled to charge against the fund in question for legal advice or instructions to it, either to obey or disobey the process and orders of this court, regular in all respects upon their face, and duly brought to its notice and attention, and that it was the duty of said bank and the law required of said bank to know its duty in the premises and to recognize and obey said orders.

"(5) That the information brought to the attorneys of said bank March 20, 1923, by Phillips, Brown & Morris, whether considered as notice to said bank or not, of the intention of said attorneys at a future time to secure an injunction against the bank's obedience to the orders of this court, was not a sufficient excuse in law for the disobedience by said bank to the orders of this court, and did not at that time, nor thereafter, constitute the bank an innocent stakeholder, in such sense that it was entitled to withhold from the fund in question attorney's fees to its attorneys for their advice with reference to its legal rights or duties in the premises.

"(6) That the Continental National Bank of Fort Worth, Tex., was not restrained by the district court of Tarrant county from paying the money on deposit to the credit of Ocean Oil & Refining Company to James Amyx as receiver, appointed in this suit, and that James Amyx, receiver, appointed and qualified in this suit, was in no sense an adverse party or claimant to the fund, but merely the hand of the court appointing him so that his possession of the fund would only put the fund in custodia legis pending the determination of title thereto; to all and each of which findings of fact and conclusions of law the defendant Continental National Bank excepted."

We are of the opinion that the trial court has, without doubt, correctly disposed of this case.

Appellant presents 11 propositions of error, seeking to reverse this case, but they are all substantially embodied in the first proposition, which reads:

"The court erred in rendering judgment in favor of appellees against appellant, Continental National Bank, for the reason the undisputed evidence disclosed that appellant bank acted as stakeholder of the funds involved against two conflicting claims, and as such was entitled to the attorney's fees in the amount found by the court to be reasonable."

In 33 Corpus Juris, 419, § 2(B), we find the following definition of a bill of interpleader:

"A bill of interpleader is defined to be a bill exhibited where two or more persons severally claim the same debt, duty, or thing from the complainant under different titles or in separate interests; and he, not claiming any title or interest therein himself, and not knowing to which of the claimants he ought of right to render the debt or duty or deliver the proper-

ty, is either molested by an action brought against him or fears that he may suffer injury from their conflicting claims, and therefore prays that they may be compelled to interplead, and state their several claims so that the court may adjudge to whom the matter or thing in controversy belongs."

In the early case of Williams v. Wright, 20 Tex. 502, the Supreme Court defined and otherwise fixed the rules applicable to a bill of interpleader as follows:

"In the practice in courts of chancery, a bill of interpleader lies where two or more persons claim the same debt or duty of the complainant by separate interests; when he, not knowing to which of the complainants he ought, of right, to pay or render it, fears that he may sustain injury by the conflicting claims of the parties. He then applies to a court of equity to protect him, not only from rendering the debt or duty to both the claimants, but also from the vexation attending upon the suits, which are, or may be instituted against him. Story's Eq. § 806; 1 Cowen, 703."

[1] These rules have been further extended so that a valid doubt respecting either a question of fact or law, with reference to a stakeholder's obligation to pay the fund to one of several claimants, is sufficient to justify the filing of a bill of interpleader. Nixon v Insurance Co., 100 Tex. 251, 98 S. W. 380, 99 S. W. 403; Melton v. American Surety Co. (Tex. Civ. App.) 240 S. W. 574, in which this court held:

"That, while the circumstances of the case must be such as to place the stakeholder in some real doubt or hazard to entitle him to the remedy of interpleader, yet the remedy is so beneficial and just that any reasonable doubt as to his right to an interpleader will be resolved in his favor."

[2] It is also well settled in this state that one standing in the position of a stakeholder is entitled to file a bill of interpleader, and as a part of his costs recover an attorney's fee commensurate with the services rendered by counsel in the cause, eventually to fall on the claimant who was in the wrong and made the litigation necessary. Seamans Oil Co. v. Guy (Tex. Civ. App.) 239 S. W. 696; Williams v. Simon (Tex. Civ. App.) 235 S. W. 257; Wright v. Grand Lodge K. P. (Tex. Civ. App.) 173 S. W. 270; Beilharz v. Illingsworth, 62 Tex. Civ. App. 647, 132 S. W. 106; McCormick v. National Bank of Commerce (Tex. Civ. App.) 106 S. W. 747; Stevens v. Germania Life Ins. Co., 26 Tex. Civ. App. 156, 62 S. W. 824; Bolin v. St. Louis, etc., R. Co. (Tex. Civ. App.) 61 S. W. 444; Contra, Great Council I. O. R. M. v. Adams (Tex. Civ. App.) 75 S. W. 560.

[3] It is also well settled that a complainant is not entitled to his costs and attorney's fees out of the fund in those cases where the bill of interpleader is not properly filed against both adverse claimants

to the fund. See 33 C. J. 470, and cases cited in notes 37, 38, and 43.

The appellant bank has not complied with these rules of interpleader in this case, and therefore does not stand in the relation of a stakeholder to the fund in question, entitling it to file this bill and pay out of the fund the fees of the attorney filing it. It is by no means clear from appellant's brief upon what particular services of its attorneys it bases the right to recover attorney's fees out of the fund in question. The nearest approach to it is the following quotation from page 34 of its brief:

"The undisputed evidence, as well as the findings of fact by the trial court, conclusively establish that appellant Continental National Bank was placed in the position of a stakeholder as result of the two conflicting injunction writs issued by two different district courts of the state of Texas; and that it was entitled, under its bill of interpleader, to reasonable attorneys' fees, incurred by it in attempting to protect the said fund in its possession; and in which it claimed no interest, other than a stakeholder."

We find that appellant's proof of the service of its attorneys covered three separate and distinct services, as follows:

[4] First, service of counsel in connection with the examination of the receiver's certified papers presented with the first demand of payment, and before any adverse claim was known to the bank, and advice in connection therewith. The bank is not entitled to retain attorney's fees out of funds held by it to pay counsel for this service. It had no notice of any adverse claim to the fund at this time, and certainly the receiver of the court having jurisdiction of the fund had the right to receive it upon the order of that court. We think the bank had the right to ask for a reasonable time for the purpose of having counsel to examine these papers to determine whether or not they were regular, but not for the purpose of determining whether it should obey or disobey the orders of the court issuing them. This service was only incident to the bank's business, the same as determining its right to pay out any other fund held by it, and of course it is not entitled to pay the attorney for this advice out of the fund in question. It would certainly be a dangerous rule of law to announce that a bailee of money, and especially a banking institution, would be entitled to compensate its attorney out of the fund held for advice, as to whether or not it should pay it out to the rightful owner upon a proper demand.

[5-7] The second and third claims made for attorney's fees are for services rendered by counsel in filing answers in the nature of bills of interpleader in the injunction suits in Tarrant and Coleman counties, respectively. In the Tarrant county suit by Meeker and Fellows against James Amyx,

the receiver, the appellant bank was also named a party defendant. No legal service was had upon it in that case, but it voluntarily answered therein, which we think permissible under the law of interpleader. That is, the appellant bank, if placed in the position of a stakeholder as the result of the two conflicting injunction writs, and knowing of the pendency of the injunction suit to which all adverse claimants to the fund known to it were parties, would have the right under the law of interpleader to file a bill stating its position, and asking the court to pay or order it to pay the fund to the rightful owner, and under such circumstances it would be entitled to pay attorney's fees for filing the bill out of the funds, provided it occupied the position of a stakeholder in some real doubt or hazard as to whom it should pay the fund. As to this latter question we do not find it necessary to determine here, since appellant bank voluntarily abandoned its suit of interpleader, filed in the Tarrant county district court, in which all adverse claimants to the fund were parties, and has filed this bill in which all adverse claimants known to it are not parties. If appellant bank had the right under the facts in this case to file a bill of interpleader, which we seriously doubt, that right had as fully matured when it filed its answer in the injunction suit in Tarrant county as when it later filed its answer in this case after the Tarrant county suit had been dismissed. All adverse claimants to the fund known to the bank were then parties to the Tarrant county suit. The adverse claimants filing that suit had given bond in the sum of $2,000, conditioned that they would respond in damages, if their claim, which made necessary appellant bank's answer, was wrongfully made; but for some reason not disclosed by the record in this case, appellant bank voluntarily abandoned that suit in which it and the receiver, the only other adverse claimant to the fund known to it, were protected by the bond, without having its rights under the bill of interpleader or its right to pay the attorney's fee of $100 asked for adjudicated; and has filed this, another bill of interpleader in this suit, adding $400 more as attorney's fees, and seeking to have adjudicated the exact question confronted when the bill was filed in the Tarrant county district court. A bill of interpleader is an equitable remedy, but equity is just, and will not permit a stakeholder of a fund to incur the expense of filing more than one bill of interpleader where his rights and the rights of all adverse claimants known to it could have been fully determined in the first bill filed. Wright v. Grand Lodge K. P. (Tex. Civ. App.) 173 S. W. 270. Appellant occupies that position here, and since it abandoned the first bill of interpleader, in which it had all parties necessary before the court, and in which it and all adverse claimants to the fund had a bond to protect them, it had no right whatever to bring this litigation. One purpose of the law in requiring a stakeholder to file a bill of interpleader to bring into court all adverse claimants is that eventually the court can let fall the burden of costs and attorney's fees thus incurred upon the adverse claimant, who because of such wrongful claim made necessary the litigation. Another purpose is to have settled the point to whom the interpleader shall pay the fund in his possession; and since neither of these matters was adjudicated in the case at bar, for these, if for no other reasons, appellant's bill of interpleader must fail.

The judgment of the trial court will be affirmed.