The SAVINGS & PROFIT SHARING
FUND OF SEARS EMPLOYEES,
Appellant,

v.

Joy STUBBS, Appellee.

No. 3–86–097–CV.

Court of Appeals of Texas,
Austin.

June 10, 1987.

Eleanor R. Rotthoff, Daugherty, Kuperman, Golden & Morehead, Austin, for appellant.

Rebecca Fisher, Friedman, Weddington, Hansen & Fisher, Austin, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

CARROLL, Justice.

This appeal involves both the privileges and protections afforded an innocent stakeholder under our interpleader practice, Tex. R.Civ.P.Ann. 43 (Supp.1987), and the award of attorney's fees in a suit for declaratory judgment. We will affirm the trial court's judgment denying appellant relief at interpleader, but will reverse that part of the judgment awarding attorney's fees to appellee under the Declaratory Judgment Act.

## THE CONTROVERSY

Appellant is an employee benefit trust established to create a retirement fund for employees of Sears, Roebuck & Company. Forrest Stubbs worked for Sears for many years and owned an account with appellant when he died November 27, 1982. He was survived by his widow Joy Stubbs and their one child, along with four children from an earlier marriage to Ruby Stubbs. This dispute arose out of competing claims to the assets held by appellant.

Appellant was subjected to rival claims almost immediately. Three days after Forrest died, Joy's attorney wrote Sears in San Antonio about her rights to the funds as a surviving spouse. On January 5, 1983, Joy individually contacted Sears by letter. In this letter, she made clear that she claimed the funds as a surviving spouse, and gave notice that she intended to contest any determination that she was not the beneficiary of the funds.

Three weeks later, a second attorney contacted Sears in San Antonio and informed the company that *he* represented "the heirs of Forrest C. Stubbs" (apparently the four children from the first marriage). At this point the file was forwarded from San Antonio to appellant's office in Chicago. Along with the correspondence involving Joy's claim were two beneficiary forms where Forrest had first in 1957 and again in 1963 named Ruby as the beneficiary of his account. Apparently, Forrest never formally changed this designation.

However, Ruby and Forrest had been divorced in 1975, and appellant had been notified of the divorce in 1976. Under the terms of the trust agreement, the designation of a spouse as beneficiary was automatically revoked upon divorce. Unfortunately, appellant's in-house counsel overlooked this provision of the trust and concluded that the earlier designation was still valid. Accordingly, on February 10, 1983, appellant notified all of the parties of its determination that Ruby was the beneficiary of the account. On May 2, 1983, appellant informed Joy that the proceeds of the account would be paid over to Ruby within 20 days unless appellant received a restraining order prohibiting the payment.

Joy obliged, and all of the rival claimants ultimately filed an agreed motion in the probate court of Travis County to enjoin the disbursement of the account. The probate court granted the motion and entered an order purporting to enjoin appellant from distributing the funds in the account, even though appellant was not a party to the probate proceeding, had not been served with citation in the matter, and was thus not subject to the order of the probate court.

Thereafter various arguments and counter arguments were advanced by the competing claimants. Nonetheless, almost three years after Forrest died, no settlement had been made, no disbursements had been made, and appellant still held all the assets in the account.

## ACTION IN THE DISTRICT COURT

Until this point, appellant continued to attempt to handle the controversy through its in-house counsel, but in September 1985, in the face of threatened litigation, finally employed Texas counsel. Before then, appellant was apparently unaware of the availability of the interpleader action in Texas. However, before such an action could be filed, Joy filed suit for declaratory relief against appellant, Ruby, and the children from the first marriage. In her suit, Joy claimed ownership of the account.

Appellant's Texas attorneys promptly answered Joy's suit for declaratory relief and filed as a counterclaim a petition in interpleader. In its interpleader action, appellant claimed to be an innocent stakeholder subject to conflicting claims and asked for attorney's fees to be paid out of the interpleaded funds.

The district court awarded a portion of the account to Ruby pursuant to her 1975 divorce decree, but concluded that the bulk of the assets passed to Joy as surviving spouse. The court then found that appellant failed to qualify as an innocent stakeholder, denied its claim for attorney's fees, and instead ordered appellant to pay Joy's attorney's fees. The only issues on appeal involve the interpleader action and the award of attorney's fees.

## DISCUSSION AND HOLDINGS

■ Appellant's first five points of error attack the district court's determination that appellant was not an innocent stakeholder while points of error six and seven address the court's award of attorney's fees to Joy Stubbs as the prevailing party in her suit for declaratory judgment. We will first discuss the interpleader action and then turn to the award of attorney's fees.[1]

1. In its first point of error, appellant argues that the district court erred in concluding that under Illinois law appellant is not entitled to recover attorney's fees. Forrest Stubb's employee profit sharing plan provided that matters relating to the trust would be controlled by Illinois law. The district court found that applying either Texas or Illinois law, appellant was still not entitled to attorney's fees.

It is established that matters of remedy and procedure are governed by the laws of the state where the action is sought to be maintained. *State of California v. Copus,* 158 Tex. 196, 309

S.W.2d 227, 230 (1958); *Hobbs v. Hajecate,* 374 S.W.2d 351, 352 (Tex.Civ.App.1964, writ ref'd). This suit does not involve a question of the construction of the terms of Forrest Stubbs' profit sharing account with Sears, rather it involves the question of whether appellant timely and properly complied with the requirements for seeking the protections afforded an innocent stakeholder in an interpleader action. Appellant, when it filed its petition for interpleader in a Texas court, availed itself of the laws of Texas and the protections thereof. Hence, whether appellant is entitled to receive attorney's fees as

### Appellant's Interpleader Action

1. *Early Interpleader Practice.* Originally, an interpleader action allowed a stakeholder to bring the disputed sum or property into court and have his own liability discharged, leaving the rival claimants to litigate whatever controversy existed. 24 McElroy, *Civil Pre-Trial Procedure* § 543 (Tex.Practice 1980). The remedy was for the protection of the disinterested and innocent stakeholder who claimed no interest in the property and who, because of conflicting claims and uncertain position "... knows not what to do ... and asks instruction of and protection of a court of equity." *Nixon v. Malone,* 100 Tex. 250, 98 S.W. 380 (1908).

Such an "innocent stakeholder" had to plead and prove four essential elements: (1) that he was subject to conflicting claims to the same property; (2) that the adverse claims were dependent or derived from a common source; (3) that he claimed no interest in the property; and (4) that he was not independently liable to any claimant but rather stood perfectly indifferent between them. 1 McDonald, *Texas Civil Practice* § 3.38 at 289 (Rev.ed. 1981). These rather strict requirements were somewhat tempered by the adoption of the rule that every reasonable doubt would be resolved in favor of allowing the interpleader. *Nixon v. Malone, supra* 98 S.W. at 385.

■ 2. *Adoption of Rule 43.* In an attempt to liberalize the remedy of interpleader and to encourage litigants to seek the *protections* offered thereby, the Supreme Court promulgated Rule 43 as part of the initial adoption of the Rules of Civil Procedure in 1941. Under Rule 43, a stakeholder need only show that he is or may be exposed to double or multiple liability as a result of conflicting claims justifying a reasonable doubt as to which claimant is entitled to the fund. *See e.g., Davis v. East Texas Savings & Loan Association,* 163 Tex. 361, 354 S.W.2d 926 (1962); *Downing*

*v. Laws,* 419 S.W.2d 217 (Tex.Civ.App.1967, writ ref'd n.r.e.).

■ 3. *Modern Practice.* Since Rule 43 was adopted, a successful petitioner at interpleader must now plead and prove three basic elements: (1) that he is either subject to, or has reasonable grounds to anticipate, rival claims to the same fund or property; (2) that he has not unreasonably delayed filing his action for interpleader; and (3) that he has unconditionally tendered the fund into the court. *McFarland v. Franklin Life Insurance Company,* 416 S.W.2d 572 (Tex.1967); *Cockrum v. Cal-Zona Corporation,* 373 S.W.2d 572 (Tex. Civ.App.1963, no writ); *See generally,* 47 Tex.Jur.3rd, *Interpleader,* §§ 5 & 7 (1986); 1 McDonald, *supra* at §§ 3.38–3.42. Failure to meet any one of these three elements will defeat a petitioner's standing as an innocent stakeholder and preclude relief at interpleader.

■ 4. *Application to the Present Appeal.* Here there is little doubt that appellant was subjected to conflicting claims to the assets in question almost from the beginning. Likewise, there is little doubt that it was unreasonable to wait almost three years before retaining local counsel and initiating the action in interpleader. Finally, appellant has yet to unconditionally tender all the assets into the court's registry, and now asserts its own claim to some $16,000 out of the fund for its attorney's fees. Under the facts of this case, appellant *was* a "stakeholder" but *was not* an "innocent stakeholder" as required by the rule or the cases. Appellant's first five points of error are overruled.

### Suit for Declaratory Relief

1. *Award of Attorney's Fees.* Appellant's last complaints address the trial court's decision awarding attorney's fees to Joy under the Uniform Declaratory Judgment Act, Tex.Civ.Prac. & Rem.Code Ann. § 37.001 *et seq.* (1986). Appellant argues that under the facts of this appeal, such an

an innocent stakeholder and whether it is subject to attorney's fees are both governed exclu-

sively under Texas law.

award is not "equitable and just." We agree.

2. *Relief Sought.* In her first petition for declaratory judgment, Joy primarily sought a determination as to the *ownership* of the assets held by appellant. She alleged that both she and Ruby had claimed the assets held by appellant and that appellant had been enjoined at the request of the rival claimants from distributing the fund. She went on to state that appellant was unable to determine the proper recipient of the fund, and would not release the fund without an order from the district court. Interestingly, Joy's attitude later changed. In her second and third amended petitions, she faulted appellant for complying with the injunction and for refusing to determine the proper beneficiary.

■ 3. *Conduct of the Parties.* It is apparent that the principle dispute leading to this appeal was between Joy and Ruby as rival claimants to the assets held by appellant. During the three year period following the death of Forrest Stubbs, appellant cooperated with both parties in every way. Appellant provided copies of all relevant documents, and engaged in extensive correspondence with the parties and their lawyers. Further, it is apparent that the delay in petitioning for interpleader was due to a lack of knowledge of Texas law on the part of appellant's in-house counsel and a desire to allow Ruby and Joy to settle their differences without involving appellant. While appellant's failures were sufficient to defeat its standing as an innocent stakeholder under Rule 43, there is simply no evidence of any conduct which would warrant an award of attorney's fees to Joy under the Declaratory Judgment Act.

■ 4. *Standard of Review.* Section 37.009 of the Declaratory Judgment Act provides that the court may award costs and reasonable attorney's fees as are "equitable and just." Although such an award is addressed to the sound discretion of the trial court, it is not automatic. *Contact Products, Inc. v. Dixico, Inc.,* 672 S.W.2d 607 (Tex.App.1984, no writ). In fact, attorney's fees may be awarded to a party other than the prevailing party. *District Judges of Collin County v. Commissioners Court of Collin County,* 677 S.W.2d 743 (Tex. App.1984, no writ).

5. *Abuse of Discretion.* Under the facts of this appeal, we conclude the trial court abused its discretion by ordering appellant to pay Joy's attorney's fees. Appellant's sixth and seventh points of error are sustained. Accordingly, we reverse that portion of the district court's judgment ordering appellant to pay Joy's attorney's fees and render judgment that she take nothing in this regard. In all other respects the judgment of the trial court is affirmed.