ahmed 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00037-CV







Amyn K. Ahmed, Appellant



v.



First Colony Life Insurance Company, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 94-03631, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING






 Appellant Amyn Ahmed appeals from a summary judgment granted in favor of
appellee First Colony Life Insurance Company ("First Colony"). In four points of error, appellant
contends that material fact issues exist regarding whether interpleader was proper, whether First
Colony breached the insurance contract and whether First Colony violated the Deceptive Trade
Practices-Consumer Protection Act ("DTPA") as well as the Texas Insurance Code. We will
affirm the judgment of the trial court.



BACKGROUND


 Amin Ahmed ("the insured") purchased a life insurance policy from First Colony
in the summer of 1990 and named appellant, his brother, as beneficiary. The insured married
Munira in 1991 but did not change the beneficiary of his insurance policy. Policy premiums were
paid through a bank draft arrangement with the Mockingbird branch of Farm & Home Savings
Association ("Farm & Home") in Dallas. When the insured moved from Dallas to Austin in
September 1992, he closed his accounts with the Mockingbird branch and opened an account with
the Shoal Creek branch of Farm & Home in Austin. The Mockingbird branch, however,
continued to pay the bank draft insurance premiums by drawing money from the Shoal Creek account.

 Savings of America acquired the assets and accounts of the Mockingbird branch
of Farm & Home in March 1993. Savings of America did not honor the insured's March 1993
bank draft because the Mockingbird branch account had been formally closed. When the bank
draft was returned unpaid to First Colony, it considered the insured's policy lapsed. The insured
became aware of the lapsed policy, but before he could complete the reinstatement documents,
he died in a car wreck on June 15, 1993.



Timeline of Events Following Insured's Death


June 15, 1993 -- Insured died in a car wreck


June 23, 1993 -- First Colony was notified of the insured's death 


January 14, 1994 -- First Colony received letter from appellant claiming that, as beneficiary
under the policy, he was entitled to full payment of the proceeds


January 20, 1994 -- First Colony sent appellant forms to be completed in order to file a
claim under the policy


February 8, 1994 -- Munira notified First Colony by telephone of her claim


February 9, 1994 -- First Colony sent Munira the same claim forms 


March 8, 1994 -- Munira completed the steps necessary to file a claim


March 15, 1994 -- First Colony sent a letter to appellant admitting liability on the policy
and asking appellant to complete the necessary forms in fifteen days if
he was going to file a claim


March 16, 1994 -- First Colony received most of the forms necessary to the filing of
appellant's claim in a letter dated March 10, 1994


March 30, 1994 -- Appellant filed this suit claiming breach of contract as well as violation
of the DTPA and the Texas Insurance Code.


April 22, 1994 -- First Colony filed its interpleader due to competing claims to the policy
proceeds


 

DISCUSSION


 In a summary judgment case, the issue on appeal is whether the movant met its
summary judgment burden by establishing that no genuine issue of material fact exists and that
movant is entitled to judgment as a matter of law. Cate v. Cover Corp., 790 S.W.2d 559, 562
(Tex. 1990). The burden of proof is on the movant, and all doubts about the existence of a
genuine issue to a material fact are resolved against the movant. Great Am. Reserve Ins. Co. v.
San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). Therefore, we must view
the evidence and its reasonable inferences in the light most favorable to the nonmovant.

 In appellant's first point of error, he contends that First Colony improperly
interpled the policy proceeds because there was not a valid competing claim nor was First Colony
a disinterested stakeholder. In his second point of error, appellant claims that by interpleading
the proceeds First Colony breached the insurance policy.

 Rule 43 of the Texas Rules of Civil Procedure authorizes a defendant who receives
multiple claims to join all claimants and interplead the property into the registry of the court. 
Tex. R. Civ. P. 43. This Court held that a successful petitioner at interpleader must plead and
prove three basic elements: (1) that he is either subject to, or has reasonable grounds to
anticipate, rival claims to the same fund or property; (2) that he has not unreasonably delayed
filing his action for interpleader; and (3) that he has unconditionally tendered the fund into the
court. Sears Savs. & Profit Sharing Fund v. Stubbs, 734 S.W.2d 76, 79 (Tex. App.--Austin 1987,
no writ). Failure to meet any one of these three elements will defeat a petitioner's standing as an
innocent stakeholder and preclude relief at interpleader. Id.

 The purpose of interpleader is to allow an innocent stakeholder facing rival claims
to let the courts decide who is entitled to the fund and avoid the peril of acting as judge and jury
itself. Olmos v. Pecan Grove Mun. Util. Dist., 857 S.W.2d 734, 741 (Tex. App.--Houston [14th
Dist.] 1993, no writ). Every reasonable doubt should be resolved in favor of the putative
stakeholder's right to interplead. Dallas Bank & Trust Co. v. Commonwealth Dev. Corp., 686
S.W.2d 226, 230 (Tex. App.--Dallas 1984, writ ref'd n.r.e.).

 Appellant contends that Munira's claim was not valid because the policy was
obtained before her marriage to the insured and she was not named beneficiary. He further asserts
that an interpleader action is not available to First Colony because it is not a disinterested
stakeholder.

 Both appellant and Munira filed claims with First Colony. In fact, Munira's
completed claim was filed prior to appellant's claim. Faced with multiple claims, First Colony
unconditionally tendered the funds into the court's registry within ten months of the death of the
insured and within a month and a half of admitting liability on the policy. First Colony does not
have to determine who is entitled to the proceeds. Although Munira was not named beneficiary,
she was his surviving widow and she had made a claim to the benefits, so reasonable doubt existed
as to which of the rival claimants was entitled to the proceeds. See Gabler v. Minnesota Mut. Life
Ins., 498 S.W.2d 413, 418 (Tex. App.--Texarkana, 1973, no writ).

 Having determined that First Colony was an innocent stakeholder and properly
interpled the funds, we overrule appellant's first point of error. Since interpleader was proper,
appellant's second point of error regarding his breach of contract claim is overruled as well. See
Cable Communications Network, Inc. v. Aetna Casualty Sur. Co., 838 S.W.2d 947 (Tex.
App.--Houston [14th Dist.] 1992, no writ).

 In his third and fourth points of error, appellant contends that material fact issues
exist as to whether First Colony violated the DTPA and the Texas Insurance Code. See Tex. Bus.
& Com. Code Ann. §§ 17.41-.63 (West 1986 & Supp. 1996); Tex. Ins. Code Ann. art. 21.21
(West 1981 & Supp. 1996).

 The DTPA and article 21.21 of the Texas Insurance Code are interrelated. State
Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 435 (Tex. 1995).



The DTPA was designed to protect consumers against "false, misleading, and
deceptive business practices, unconscionable actions, and breaches of warranty .
. . ." Tex. Bus. & Com. Code § 17.44. Similarly, Article 21.21 was enacted to
regulate practices in the insurance industry by prohibiting "unfair methods of
competition or unfair or deceptive acts or practices." Tex. Ins. Code art. 21.21
§ 1(a). Section 17.50(a)(4) of the DTPA incorporates Section 16 of Article 21.21,
and Section 16 of Article 21.21 prohibits an insurer from engaging in any practice
proscribed by Section 17.46 of the DTPA. Tex. Bus. & Com. Code § 17.50(a)(4);
Tex. Ins. Code art. 21.21, § 16(a); see also Transport Ins. Co. v. Faircloth, 898
S.W.2d 269, 273 (Tex. 1995).



Id. at 435-36.

 "The DTPA will be liberally construed in order to protect consumers from false,
misleading, and deceptive business practices and to provide efficient and economical procedures
to secure such protection." Busse v. Pacific Cattle Feeding Fund, 896 S.W.2d 807, 813 (Tex.
App.--Texarkana 1995, writ denied). In order to recover under the DTPA, a plaintiff must
establish that he is a "consumer," that there were false, misleading, or deceptive acts or an
unconscionable act, and that the act or acts constituted a producing cause of damage. Knowlton
v. U.S. Brass Corp., 864 S.W.2d 585, 592 (Tex. App.--Houston [1st Dist.] 1993, no writ).

 When a summary judgment order does not state the specific grounds upon which
it is granted, a party appealing from such order must show that each of the independent arguments
alleged in the motion is insufficient to support the order. McCrea v. Cubilla Condominium Corp.,
685 S.W.2d 755, 757 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.).

 In its motion for summary judgment, First Colony alleges that it did not make any
misrepresentations to appellant or the insured during the sale of the policy and that it is not liable
for any false, deceptive, or misleading acts after the sale of the policy. First Colony further
alleges that appellant was not adversely affected by any of its actions regarding the policy lapse
and that appellant has thus failed to establish any claim under the DTPA or the Insurance Code.

 Appellant's brief on appeal is virtually identical to its response to First Colony's
motion for summary judgment. Appellant asserts that First Colony's actions after it received
notice of the returned bank draft violated the DTPA and the Insurance Code. (1) Appellant contends
that a fact issue exists as to whether First Colony reasonably notified the insured that his premium
was not paid when Savings of America refused to honor appellant's bank draft. Further, appellant
asserts that a fact issue exists as to whether First Colony violated the DTPA and the Insurance
Code by handling the lapsed policy issue in the manner that it did.

 Appellant recites general statutory language, but nowhere in the summary judgment
evidence does appellant point to a specific misrepresentation or act by First Colony that would at
least raise a fact issue sufficient to reverse summary judgment. Although we view the evidence
and inferences in the light most favorable to the nonmovant, we may consider evidence that favors
the movant's position if it is uncontroverted. Gorrell v. Texas Utils. Elec. Co., 915 S.W.2d 55,
59 (Tex. App.--Fort Worth 1995, no writ h.). In this case, appellant admits that he had no
conversations with First Colony prior to the insured's purchase of the policy, that he never even
spoke with anyone from First Colony prior to his deposition in this trial, that First Colony made
no false, deceptive, or misleading statements to him, and that he does not know of any such
misrepresentations made by First Colony to the insured prior to his death.

 Thus, there is no evidence of any misrepresentation or deceptive act by First
Colony to appellant, the insured, or anyone else, and in the absence of such evidence, appellant's
causes of action under the DTPA and article 21.21 of the Insurance Code are negated as a matter
of law. See Parkins v. Texas Farmers Ins. Co., 645 S.W.2d 775, 777 (Tex. 1983).

 We further note that, to establish a DTPA violation, a plaintiff must establish that
the act complained about is a producing cause of damages. Prudential Ins. Co. v. Jefferson
Assocs., 896 S.W.2d 156, 161 (Tex. 1995). Also, under section 21.21 of the Texas Insurance
Code, conduct is actionable only if the plaintiff sustained actual damages as a result of that
conduct. Beaston, 907 S.W.2d at 435; Walker v. Federal Kemper Life Assur. Co., 828 S.W.2d
442, 454 (Tex. App.--San Antonio 1992, writ denied). Because the summary judgment proof in
this case does not show that appellant was adversely affected or suffered any damages due to any
misrepresentation or act of First Colony, appellant cannot maintain an action under the DTPA or
the Insurance Code. See Building Concepts, Inc. v. Duncan, 667 S.W.2d 897, 901 (Tex.
App--Houston [14th Dist.] 1984, writ ref'd n.r.e).

 Accordingly, points of error three and four are overruled.



CONCLUSION


 Because we have overruled all of appellant's points of error, we affirm the
judgment of the trial court.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: July 31, 1996

Do Not Publish
1.   Appellant spends considerable effort attempting to establish that he is a "consumer"
under the DTPA, but summary judgment was not, nor could it have been, granted on this
basis because appellant's status as a consumer was not challenged in First Colony's
motion.